THOMAS HAGGERTY, Plaintiff in Error, *v.* THE PEOPLE OF THE STATE OF NEW YORK, Defendants in Error.

In a case where, before the expiration of a term of imprisonment, the prisoner escapes, no new award of execution is necessary or proper. The prisoner can be retaken at any time and confined under the authority of the original judgment until his term of imprisonment has been accomplished.

An order in such case awarding execution of the sentence will not conclude the prisoner on *habeas corpus*, and is not reviewable on writ of error.

(Argued September 24, 1873; decided September 30, 1873.)

ERROR to the General Term of the Supreme Court in the third judicial department to review judgment affirming judgment of the Court of Sessions in and for the county of Albany, awarding execution of a former sentence of said court, and that the plaintiff in error be returned to Clinton State prison to serve out an unexpired term. (Reported below, 6 Lans., 332.)

At the Albany Sessions, held on the 13th of March, 1872, the district attorney produced to the court an indictment of Haggerty in September, 1868, in the same court, for robbery in the first degree, with the minutes of his conviction for robbery in the second degree, and sentence to the Clinton prison for three years.

Haggerty was brought to the bar, whereupon the district attorney filed an information or suggestion, alleging the indictment, conviction and sentence; that he was committed to the Clinton prison, and that on the 14th of October, 1869, he escaped from the prison and had ever since been at large. The information prayed that the court would order the execution of its former judgment, and that execution thereof might be awarded against Haggerty; that he be returned to the State prison at Clinton, there to be imprisoned for the remainder of the term for which he was sentenced to be imprisoned as aforesaid, and for that portion of the said imprisonment he has not suffered, to wit, for the term of one

year eleven months and four days. These suggestions having been filed and entered of record by order of the court, Haggerty was asked if he had anything to say why execution of the former sentence and judgment of the court should not be awarded against him. He stood mute, whereupon the court ordered the clerk to enter a plea or answer by him that he was not the person mentioned in the record, and, if so, that he did not escape, as alleged by the people, by their district attorney. The people, by their district attorney, replied, *ore tenus,* that he was the same person, and did escape as before alleged, and this the said district attorney was ready to verify. A jury was then empaneled to try the issues thus presented, and a trial thereof had. The jury found the facts as alleged in the information, and it was thereupon orderd and adjudged that " execution of said former sentence be adjudged against said Thomas Haggerty; that he be returned to said State prison at Clinton, there to be imprisoned and confined at hard labor for the remainder of the term for which he was sentenced to be imprisoned as aforesaid."

*J. H. Clute* for the plaintiff in error. The Court of Sessions had no jurisdiction over the plaintiff in error. (2 R. S., 685, § 20.) The court had no power to order enforcement of the sentence after an escape and expiration of the term. (Const. S. N. Y., art. 1, § 6; Const. U. S. [amdts., 1789], art. 5; 1 Park. Cr., 374; *Clerk* v. *Commonwealth,* 21 Grat., 277.)

*N. C. Moak,* district attorney, for the defendants in error The proceeding to return Haggerty, adopted by the district attorney, was proper. (1 Chitty's Cr. Law, 844–847; 1 Whart. Cr. Law, §§ 213, 214; Cole on Crim. Information, 9; 1 Bish. Crim. Prac., 2d ed., §§ 36, 141–147, 712–715 ; *King* v. *Okey,* 1 Levinz, 61; *Ratcliffe's Case,* 18 Howell St. Trials, 438 ; 4 Bl. Com., app'x, No. 3; *Bland* v. *State,* 2 Ind., 608 ; 9 Hargrave's St. Tr., 582; 1 Wils., 150; Foster's Crown Law, 40.) The Court of Sessions, being a continuous court, had power to carry out its judgment at a former term, and see that it

was executed. (*Lowenberg* v. *People*, 27 N. Y., 340; *Ferris* v. *People*, 35 id., 128; *People* v. *Quimbo Appo.*, 20 id., 543–547; *People* v. *Naughton*, 7 Abb. [N. S.,], 422; *Keen* v. *Queen*, 2 Cox Cr. Cas., 341; *Regina* v. *Charlton*, 1 Crawf. & Dix, 315, 320.) Haggerty escaped before his term expired, and, upon his being captured, the court that sentenced him had a right to order the execution of its former judgment. (Bish. Crim. Prac., 2d ed., §§ 1208–1212; *Schwamble* v. *Sheriff*, 10 Harris Pa., 18, 19; *State* v. *McClure*, Phil. N. C., 491; *State* v. *Holmes*, 48 N. H., 377; 1 Hale P. C., 602; *State* v. *Wamire*, 16 Ind., 357; 1 Edm. R., 235, 250–256; 1 Chit. Cr. L., 777, 778; Foster, 40; 1 W. Bl., 3; 4 Bl. Com., 396; 3 Bur., 1810; *Thomas* v. *State*, 5 How. Miss., 20, 31; 2 R. S., 685, § 20; 2 Edm. St., 707; 2 G. & H., 454, §§ 55, 56; *Ex parte Clifford*, 29 Ind., 107; *Clerk* v. *Commonwealth*, 21 Gratt., 777; *Dolan's Case*, 101 Mass., 219; *Leftwick* v. *Commonwealth*, 20 Gratt, 716, 722.)

RAPALLO, J. The proceedings sought to be reviewed in this case were not authorized by any statute of this State nor by any precedent to which we have been referred. The cases, cited by the learned district attorney were all capital cases where, at the time of the recapture of the prisoner, the time appointed for the execution had passed and a new award of execution must be made by the court to render the original judgment effectual. (*King* v. *Okey*, 1 Levinz, 61; *Ratcliffe's Case*, 18 Howell's State Trials, 430; *Bland* v. *The State*, 2 Ind., 608.) The mode of proceeding in cases where, for any reason, sentence of death is not executed at the time appointed, is now regulated in this State by statute (2 R. S., 659, §§ 23, 24; Laws of 1860, ch. 410, § 11; Laws of 1861, ch. 303; Laws of 1862, ch. 197, § 1); and the old common-law proceeding does not exist even in capital cases, excepting so far as it conforms to the statute. In cases where, before the expiration of a term of imprisonment, the prisoner escapes, no new award of execution is necessary or proper. The prisoner can be retaken

at any time, and confined under the authority of the original judgment until his term of imprisonment has been accomplished. If the wrong person should be taken, or if the prisoner's term has in fact expired, he can obtain relief by *habeas corpus*. The course of proceeding adopted in the present case may have been a judicious way of satisfying the officers of the identity of the party, but we think it was extrajudicial, and would not conclude the prisoner on *habeas corpus*, neither is it reviewable on writ of error. The General Term should have quashed the writ.

The judgment of the General Term should be reversed, and judgment entered in the Supreme Court quashing the writ of error.

All concur.

Ordered accordingly.