THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS KOHLER, Respondent, v. HARRY R. KIDNEY, as Agent, etc., Appellant.— Order affirmed. All concurred, except Merrell and De Angelis, JJ., who dissented.

ANNA S. KANNER, as Administratrix, etc., Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Judgment and order affirmed, with costs. All concurred.

CATHERINE M. THORNTON, an Infant, by MARY THORNTON, Her Guardian ad Litem, Respondent, v. INTERNATIONAL RAILWAY COMPANY, Appellant.— Judgment and order affirmed, with costs. All concurred.

A. MARTIN GOLDBERG, Respondent, v. HANWOOD CONSTRUCTION COMPANY, INC., Appellant.— Judgment of Special Term and judgment of City Court reversed, with costs in all courts to appellant to abide event, and new trial granted to be had in the City Court on the 10th day of April, 1918, at ten A. M. Held, that the contract, though subscribed by the parties, was not effective until the cash payment was made, unless that was waived by the taking of the post-dated check. We are of the opinion that the weight of the evidence is to the effect that it was not, but that the contract should only become effective when the post-dated check was paid. All concurred, except Foote and De Angelis, JJ., who dissented and voted for affirmance.

HERBERT F. J. NORTON, Appellant, v. UNITED STATES FIDELITY AND GUARANTY COMPANY, Respondent.— Judgment affirmed, with costs. Held, the undertaking applies only to the first injunction order, which restrains a transfer of the mortgage. There has been no ascertainment of the damages under this order alone, hence there is no basis for a recovery by the plaintiff. All concurred.

MINNIE HIRD, Respondent, v. NATHAN A. BUNDY, as Receiver of the BUFFALO SOUTHERN RAILWAY COMPANY, and INTERNATIONAL RAILWAY COMPANY, Appellants.— Judgment and order reversed, and new trial granted, with costs to the appellants to abide event, upon the ground that the verdict is excessive and is against the weight of the evidence upon the question of damages, unless the plaintiff shall, within ten days, stipulate to reduce the verdict to the sum of $5,000 as of the date of the rendition thereof, in which event the judgment is modified accordingly, and, as so modified, is, together with the order, affirmed, without costs of this appeal to either party. All concurred.

NATALIE GEORGER JEWETT, as Administratrix, etc., Respondent, v. THE NEW YORK CENTRAL RAILROAD COMPANY, Appellant.— Upon reargument, judgment and order reversed, and new trial granted, with costs to appellant to abide event. Held: 1. That the verdict is against the weight of the evidence upon the question of the freedom of the deceased from contributory negligence. 2. That the verdict is excessive. 3. That the court erred in leaving it to the jury generally to say what precaution should have been taken. Under the circumstances of this case, we think the ringing of the bell and the sounding of the whistle, if timely given, were sufficient warning. All concurred, except Kruse, P. J., and Foote, J., who dissented. (See 181 App. Div. 919; 182 id. 912.)