OTTO W. ERICKSON, as Administrator, etc., of HENRY L. ERICKSON, Deceased, Respondent, *v.* WILLIAM A. BORK, Appellant.

Fourth Department, January 14, 1929.

*Frank Gibbons,* for the appellant.

*Richard E. Jacobson,* for the respondent.

PER CURIAM. Three automobiles, on a rainy night in February, were parked at the east curb of a street. The northerly one belonged to defendant, the southerly one to decedent. Decedent, bound north, started his car, pulled out around the intervening car and as he was passing defendant's car, there was a collision with the latter which was also just pulling out. Decedent's car stopped within a foot. The only damage to the cars seems to have been a bent fender on each. Both men got out, the fenders

were bent back by hand and after a brief talk both cars drove on. The collision had caused only such a jar as was natural under the circumstances. At the time it appeared that the occupants of the cars had escaped injury. Certain matters, later recalled, were testified to on the trial and urged as tending to show that decedent had in truth been injured by the jar. But there was no abrasion, bruise or similar external evidence of injury. The accident occurred on Wednesday, and on Thursday, Friday and Saturday decedent worked as usual. On Sunday he remained most of the day in bed, but arose at six o'clock, spending the evening at home. Late that night there came a sudden seizure with symptoms of cerebral pressure. Decedent lapsed into unconsciousness and died the following day. He was twenty-six years old. A *post mortem*, made several months later, revealed a cerebral hemorrhage on the left side.

The issue of causal connection at the trial narrowed down to a choice between the opinion of plaintiff's medical witnesses that the hemorrhage was caused by the jar of the collision — an actual blow on the head not being essential — and the opposing medical opinion that nothing short of a severe blow or concussion — evidence of which was entirely lacking — could have caused it.

In view of that situation we are disposed to think the defendant was entitled to have the jury charged, as in substance requested, that if they believed the hemorrhage could be caused only by a severe blow or concussion, they must find that it was not caused by this accident and give a verdict for defendant.

There was error also in the refusal to charge, on the question of the pecuniary loss to decedent's father and mother, that the jury had the right to consider the number, ages and conditions of their other children. The help and comfort which the father and mother could fairly have expected to receive from decedent, had he lived, may very well have depended to some extent on what the other children could have done.

The judgment and order should be reversed on the law and a new trial granted, with costs to the appellant to abide the event.

All concur, except THOMPSON, J., who dissents and votes for affirmance. Present — SEARS, P. J., CROUCH, EDGCOMB, THOMPSON and CROSBY, JJ.

Judgment and order reversed on the law and a new trial granted, with costs to appellant to abide the event.