OTTO W. ERICKSON, as Administrator, etc., of HENRY L. ERICKSON, Deceased, Plaintiff, *v.* WILLIAM A. BORK, Defendant.

Supreme Court, Erie County, December 10, 1929.

*Richard E. Jacobson*, for the plaintiff.

*Gibbons & Pottle*, for the defendant.

HINKLEY, J. Upon a former trial a jury rendered a verdict in favor of the plaintiff, which was reversed upon appeal (225 App. Div. 188). The action was brought to recover in negligence for the death of plaintiff's intestate.

The following question is determined upon this motion: Plaintiff introduced statements of deceased made after the accident as to pain then existing, and claimed that that pain was the result of the accident. The question arises as to the competency of evidence of third persons introduced by defendant to the effect that deceased,

prior to the accident, made similar statements as to pain existing at the time of such statements.

Considerable confusion has existed in the decisions of New York State, owing to the change when the prohibition against a party testifying was removed by the Code.*⸱ Prior to the enactment of the Code provision no party could testify in his own behalf. Declarations of a party in interest were thus made competent through necessity as an exception to the rule against hearsay. As the same necessity existed in the event of the death of a party, the same rule existed in that event and the declarations of a deceased person were competent. When the law was enacted giving the parties the right to testify, the necessity of the rule was gone in that event only, and in the case of living parties self-serving declarations became inadmissible. (*Reed* v. *N. Y. Central R. R. Co.*, 45 N. Y. 574.) But no enactment of law can remove the disability occasioned by death and the necessity of the rule existing in that event, and the declarations of a person since deceased remain competent. (*Hagenlocher* v. *Coney Island & B. R. R. Co.*, 99 N. Y. 136, 138.)

The law is fairly well settled in this State that complaints of pain then existing made to a lay witness subsequent to the accident are admissible in this form of action. (*Teachout* v. *People*, 41 N. Y. 7, 13; *Tromblee* v. *North American Accident Ins. Co.*, 173 App. Div. 174; affd., 226 N. Y. 615; *Kanner* v. *Int. Ry. Co.*, 183 App. Div. 921.)

There is some authority in this State for the contention that in actions such as this all declarations of the deceased against interest are competent from the lips of witnesses sworn for the defendant. (*Piper* v. *N. Y. C. R. R. Co.*, 1 Thompson & Cook, 290; affd., 56 N. Y. 630; *Lax* v. *Forty-second St. Ry. Co.*, 46 N. Y. Super. Ct. 448, 454.)

The law is clearly defined in this State, however, that statements of deceased, not part of the *res gestœ* and except such as are spontaneous utterances or exclamations, are not competent from the lips of witnesses sworn for the plaintiff. (*Greener* v. *Gen. Elec. Co.*, 209 N. Y. 135, 137.)

There is no uniformity in the decisions of the various States as to whether statements of deceased persons against interest are competent, and whether in actions similar to this a new cause of action arises and entirely new interests are created after the death of decedent. (Tiffany on Death by Wrongful Act [2d ed.], § 194, p. 435; 2 Jones Commentaries on Evidence, § 917.)

---

* See Civ. Prac. Act, § 346.— [Rep.

The plaintiff in this action was properly permitted to introduce evidence tending to show by complaints of deceased that the physical condition of the intestate was altered by the accident. There is no authority to the contrary, and it follows logically that defendant should be given equal opportunity to contest that issue. The vice of fabrication by the injured person, since deceased, does not exist in either instance. True, deceased is not here to dispute the hearsay evidence of the defendant's witness as to complaints prior to the accident. On the other hand, the defendant is in no position to dispute the hearsay testimony of plaintiff's witnesses as to the complaints of decedent after the accident made to such witnesses. The court, having created an exception to the rule of hearsay evidence in favor of plaintiff, cannot refuse to extend that rule to the defendant. (*Memphis, etc.,* v. *Martin,* 117 Ala. 383.)

There is analogous reasoning in the situation which arises when plaintiff gives evidence as to his physical condition. The court then opens the door to the defendant by declaring that the plaintiff has thus waived the protection of the statute, which would otherwise declare secret information acquired by the plaintiff's physician in the course of treatment. (*Hethier* v. *Johns,* 233 N. Y. 370, revg. 198 App. Div. 127.)

Motion for new trial denied.