THE PEOPLE OF THE STATE OF NEW YORK ex rel. MICHAEL I. WINTER on Behalf of MEYER HECHT, Relator, *v.* ACTING WARDEN OF NEW YORK COUNTY PENITENTIARY, Respondent.

Supreme Court, New York County, November 24, 1934.

*Michael I. Winter*, for the relator.

*John J. Bennett, Jr., Attorney-General* [*Charles A. Schneider, Assistant Attorney-General*, of counsel], for the respondent.

McGoldrick, J. The relator was convicted for the crime of grand larceny on April 23, 1919, and was sentenced to serve a term of five to ten years in State prison. On January 27, 1923, the relator, then having served three years, nine months and four days, was released and placed on parole. Thereafter he was again arrested and following conviction was sentenced to the New York County Penitentiary. For the violation of parole arising from this conviction, he was returned to State prison and required to remain there for one year. Subsequently he deliberately and willfully failed to report in accordance with the condition imposed on him as a parolee and for over four years thus continued violating the condition of his parole. By reason of the aforesaid violation, the Board of Parole declared the relator delinquent. Warrant was issued, but, by reason of the absence of the relator, was not executed until after his apprehension for another offense, whereupon

he was returned to State prison for a period of two years. Thereafter he was again convicted and once more confined to the New York County Penitentiary. The relator urges that his maximum sentence expired on April 23, 1929, and that he may not now be confined. The respondent contends that in each of the instances where delinquency was declared and warrant issued, the calendar period was automatically thereby extended.

The relator is credited by the respondent with the term originally served by him in State prison, the time spent on parole when not declared delinquent, as well as the time spent in State prison in consequence of the several violations of parole. However, the relator is not credited with the time spent by him on the several occasions in the New York County Penitentiary (See *People ex rel. Stein* v. *McCann*, 225 App. Div. 623), nor the time during which the relator was declared delinquent by reason of the several violations of the conditions of his parole. In the memorandum submitted to me by the respondent I find that the relator has been credited with eight years, six months and fifteen days on his original conviction.

I cannot concur in the view entertained by the relator. *People ex rel. Atkins* v. *Jennings* (248 N. Y. 46) is authority for the proposition that " An escaped convict may not go free merely because he avoids arrest until the expiration of the term for which he. was sentenced." And like reasoning applies to a case of a parole violator who willfully and deliberately fails to report, absconds or in any other manner avoids the jurisdiction of the Parole Board.

Section 218 of the Correction Law (as amd. by Laws of 1929, chap. 243) quite clearly and unmistakably is indicative of the legislative intent. The pertinent provisions read as follows: " The board of parole shall within a reasonable time act upon such charges, [violations of parole] and may, if it sees fit, require such prisoner to serve out in prison the *balance* of the maximum term for which he was originally sentenced calculated from the date of delinquency or such part thereof as it may determine." (Italics mine.)

It is obvious from the use of the words, " to serve out in prison the *balance* of the maximum term for which he was originally sentenced calculated from the date of delinquency," that the intent was to extend by an equal number of calendar years, months and days the maximum term of the original sentence to correspond to the number of years, months and days of the parolee's delinquency.

Parole is a privilege, not a right. The purpose was to free a prisoner from actual incarceration, the better to enable him to

readjust himself to normal social, useful and productive habits. The relator cannot be heard to say that he may with impunity violate the conditions of his parole; that on successive occasions he may commit additional offenses and deliberately, and willfully fail in other respects to comply with the conditions of his parole; or that he may merely await the expiration of the maximum of his original term. To countenance this course would be to place a premium on law-breaking and impose a penalty on offenders who, upon their release from prison on parole, have led useful lives and not run afoul of the law. Precisely in point is the decision of the court in *People ex rel. Ross* v. *Lawes* (227 App. Div. 464). In that case the relator was convicted in 1919 and sentenced to a term of inprisonment for five years. After serving three years and four months of this sentence, the prisoner was released conditionally on parole and required to make monthly reports. This he failed to do and the commutation previously granted him was declared forfeited. The relator in that case was not discovered until May, 1926, when he was found in the New York County Penitentiary. Upon his release from that institution, he was rearrested, convicted and sentenced for grand larceny. To test the right of the Board of Parole to detain the relator to serve out the unexpired term of his first sentence, a writ was sued out. The relator in that instance, as here, claimed that his " maximum sentence had expired prior to the commission of the last offense." The court cited *People ex rel. Atkins* v. *Jennings* (248 N. Y. 46) as justification for " the exaction of a service by the relator of the *balance* of his original term * * * from the time that his delinquency was declared." The court concludes its decision in this wise: " If the relator is correct he could secrete himself while his commutation was running, consort with evil persons and live a flagrant and improper life, and there could be no expiation to the State for its act of grace in commuting if he were not recaptured until after the time fixed for the expiration of his original sentence."

It is deduced that the relator is still indebted to the People of the State of New York to the extent of one year, six months and fifteen days on his original term of ten years. This interpretation must not be construed as meaning that by judicial or other official ukase the relator's term has been *increased*. It simply means that the relator has been credited and debited against his *original maximum term* in accordance with his conduct as an offender and as a parole violator.

The writ is dismissed and the relator remanded, to be dealt with in accordance with law.