### (January 14, 1937.)

THE PEOPLE OF THE STATE OF NEW YORK ex rel. FRED ROTHERMEL, Appellant, v. THOMAS H. MURPHY, as Warden of Clinton Prison, Dannemora, New York, Respondent.

The relator was convicted of robbery on April 19, 1919, and sentenced to serve in State prison not less than ten years nor more than twenty years and nine months. The sentence was commuted March 5, 1924, on the condition that the balance of the sentence would be served if the relator violated his parole. On November 5, 1925, he was again convicted of robbery, and sentenced to serve a term of fifteen years, and thereby violated his parole. The relator was before this court on an appeal from a previous order dismissing a writ of habeas corpus (245 App. Div. 783). In that case the relator had been " retaken " and imprisoned for violation of his parole of 1924, without a compliance with sections 697 and 698 of the Code of Criminal Procedure, which were then in force; and he was discharged from custody under that retaking; but forthwith he was held to serve his imprisonment under the second sentence. On November 7, 1935, he was arraigned before the Parole Board (under section 218 of the Correction Law), was charged with the violation of his parole under the first sentence, by the commission of the second felony, and was declared a delinquent as of September 1, 1925, and was charged with the balance of the first term, amounting to thirteen years, seven months and twenty-nine days. Thus he was given credit for all of the time served. Our previous decision had to do only with the unlawful taking of the relator

for parole violation, and his imprisonment under such unlawful retaking, and it did not affect either of the sentences imposed for felony nor the time to be served thereunder. The record before the court does not disclose that the defendant is being held beyond the time for which he was sentenced, less such reductions as are provided for by law. Order affirmed, without costs. McNamee, Crapser and Bliss, JJ., concur; Hill, P. J., concurs, with a memorandum; Rhodes, J., concurs, with a memorandum.

HILL, P. J. (concurring). I concur in the decision to affirm the order dismissing the writ of habeas corpus. The statement of facts does not in all ways reflect my views. The relator has been convicted twice, first in April, 1919. That judgment of conviction provided for an indeterminate sentence, maximum twenty years, minimum ten years. He was released on parole on March 31, 1924, the Governor having commuted the minimum to four years, ten months and fifteen days. He was again convicted in November, 1925, and sentenced to prison for fifteen years. On November 23, 1925, the Board of Parole arraigned Rothermel as a parole violator, found him to be such, and determined that he was to be imprisoned under the April, 1919, judgment for thirteen years, seven months and twenty-nine days. The Board of Parole was without jurisdiction. The Code of Criminal Procedure (§§ 696, 697, as amd. by Laws of 1921, chap. 478) required that the defendant be arraigned before a magistrate and, if he there admitted the facts claimed to constitute a violation, the magistrate was empowered to adjudge the parole void and to commit him. If he denied any material fact, he was entitled to a trial before a jury " in the Supreme Court or the County Court." Such were the provisions applicable until chapter 38 of the Laws of 1930 was enacted. (*People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46.) Upon the return of a writ of habeas corpus, obtained by the relator in 1934, it appeared that he was being imprisoned by virtue of the determination made by the Board of Parole in November, 1925. This court directed the relator's discharge from imprisonment thereunder. (*People ex rel. Rothermel* v. *Murphy*, 245 App. Div. 783.) Rothermel was then detained under the judgment of the Court of General Sessions of New York, dated November 5, 1925. The respondent warden, in his return, asserts that Rothermel is now held also by reason of the determination of the Board of Parole made on November 7, 1935, whereby Rothermel was adjudged to be delinquent under section 218 of the Correction Law, his delinquency having occurred prior to November 5, 1925. This section of the Correction Law was first enacted by chapter 485 of the Laws of 1928, some years after the alleged delinquency. By its terms it provides: " Whenever there is reasonable cause to believe that a prisoner who has been paroled has violated his parole, the Board of Parole at its next meeting shall declare such prisoner to be delinquent and time owed shall date from such delinquency." The attempt by the Parole Board to act thereunder in connection with a delinquency occurring years before the statute was enacted was void. Further, if the statute had force, the hearing was not had at the next meeting after it appeared that the defendant was delinquent. The Attorney-General, in outlining his argument, asserts that the relator is properly held under the determination made by the Parole Board in November, 1925, as to the 1919 conviction. Our court determined otherwise by the decision cited above. The appeal taken by the Attorney-General has not been moved for argument in the Court of Appeals. Unless our determination is reversed, this argument should not be presented. His second point is that

relator is properly held because of the decision of the Parole Board made in 1935 concerning the delinquency of 1925. With this I do not agree for the reason outlined above. His third point is that defendant is properly held under the sentence of fifteen years pronounced by the Court of General Sessions of New York onI November 5, 1925. With this I agree, although it appears in the petition that the warden, on July 11, 1935, wrote the relator a letter containing a statement concerning the expiration of his sentence under the 1925 conviction as follows: " As it appears that your minimum on your last sentence above mentioned has expired, we are directed to place your name on the Governor's sheets about to be submitted in behalf of those who meet the next Parole Board." This, it is said, was an erroneous statement and an error made by the warden. In any event, the relator has not been paroled if the records presented are correct.

RHODES, J. (concurring). When the relator came before the court on a writ of habeas corpus, granted on his own application, he thereby submitted to the court the whole question as to his right to a discharge or his liability to a recommitment. (*People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46.)