THE PEOPLE OF THE STATE OF NEW YORK ex rel. LOUIS BICKHOFER, Petitioner, Respondent, v. LEWIS E. LAWES, as Warden of Sing Sing Prison, Ossining, N. Y. THE PEOPLE OF THE STATE OF NEW YORK, Appellant.— Order sustaining a writ of habeas corpus and discharging relator from the custody of the warden of Sing Sing Prison reversed on the law, writ dismissed, and relator remanded to the custody of such warden to await further action by the Parole Board. Relator violated his parole because he failed to report as required. He was declared delinquent by the Parole Board prior to, but was not apprehended until after, the expiration of his maximum term. He could not be located. He became, in effect, an escaped prisoner and must serve the remainder of his term subject to any action of the Parole Board. (*People ex rel. Ryan* v. *Lawes*, 254 App. Div. 589; *People ex rel. La Placa* v. *Heacox*, 238 id. 217; *People ex rel. Atkins* v. *Jennings*, 248 N. Y. 46; *People ex rel. Patterson* v. *Bockel*, 270 id. 76.) Lazansky, P. J., Carswell, Adel, Taylor and Close, JJ., concur.

HARRY RECKLER, Petitioner, v. JAMES C. QUINN, Chairman, CHARLES G. BOND and Others, Individually and as Members of the New York City Alcoholic Beverage Control Board, and HENRY E. BRUCKMAN, Chairman, JOSEPH M. RYAN and Others, Individually and as Members of the State Liquor Authority, Respondents. — Proceeding under article 78 of the Civil Practice Act. The petitioner applied for a license to operate a retail liquor store. His application was denied by the unanimous decision of the New York city alcoholic beverage control board and by the State Liquor Authority on the ground that public convenience will not be served by granting a license. Determination unanimously confirmed, with ten dollars costs and disbursements. The determination was not unreasonable or arbitrary. Furthermore, we think that in the circumstances shown here there is no right to a judicial review of the actions of the boards. (Alcoholic Bev. Control Law, § 121; *Matter of Calvary Pres. Ch.* v. *State Liquor Authority*, 249 App. Div. 288; affd., 275 N. Y. 552; *Matter of Bakeman* v. *Mulrooney*, 243 App. Div. 650.) Davis, Johnston, Adel and Close, JJ., concur; Lazansky, P. J., concurs in result.

HERMAN SANDMAN, Appellant, v. FRANK W. KETCHAM and Others, Defendants; TITLE GUARANTEE AND TRUST COMPANY, Respondent.— Action to foreclose a mortgage. Judgment modified so as to provide that plaintiff have the usual judgment of foreclosure and sale, and as so modified unanimously affirmed, without costs. No opinion. Present — Lazansky, P. J., Carswell, Davis, Johnston and Taylor, JJ.

SEABOARD SAND AND GRAVEL CORPORATION, Respondent, v. GUS HUDACK and RALPH HERSCHKOPF, Individually and Copartners, Doing Business under the Firm Name and Style of NASSAU IRON AND METAL COMPANY, Defendants; RALPH HERSCHKOPF, Appellant.— In an action to recover for goods sold and delivered, judgment of the County Court of Nassau county, entered on the verdict of a jury in favor of plaintiff-respondent, unanimously affirmed, with costs. No opinion. Present — Lazansky, P. J., Hagarty, Davis, Adel and Taylor, JJ.

## (November 28, 1938.)

BENNY BISKAR, Appellant, v. THE CENTURY INDEMNITY COMPANY, Respondent. — Motion for leave to appeal to the Appellate Division denied, with ten dollars costs. Present — Lazansky, P. J., Hagarty, Carswell, Johnston and Close, JJ.