THE PEOPLE OF THE STATE OF NEW YORK ex rel. GEORGE ABBOTT, Relator,, against LEO J. PALMER, Superintendent of Elmira Reformatory, Elmira, N. Y., Respondent.

Supreme Court, Special Term, Chemung County, March 2, 1943.

*George Abbott* in person.

*Nathaniel L. Goldstein, Attorney-General (Charles T. Keane* of counsel), for respondent.

PERSONIUS, J. The relator alleges that he was sentenced from Ulster county to the Elmira Reformatory October 6, 1937. His maximum sentence was five years, which would have expired October 6, 1942. On the hearing he stated that he was paroled May 6, 1939, and met all requirements of the Parole Board until June, 1940. In June, 1940, he was convicted of grand larceny, or possibly a misdemeanor, in Bronx county and sentenced to the New York City Penitentiary for three years. He served seventeen months and was released about November, 1941. The Parole Officer of the Elmira Reformatory was notified as to his whereabouts June 3, 1940, but apparently the relator was then incarcerated in the penitentiary. He was discharged therefrom in November, 1941. Having been declared delinquent in June, 1940, he was returned to the Elmira Reformatory November 24, 1941, and the Parole Board, to use the relator's language, moved his maximum sentence ahead until

April 6, 1944. In other words, they did not give him credit for the seventeen months he served in the penitentiary.

The relator contends that the action of the Parole Board was not lawful and particularly that the time during which he was in the penitentiary should be considered in determining the expiration of his maximum sentence.

The action of the Parole Board in revoking relator's parole and in ordering him returned to prison is not subject to review in this proceeding (habeas corpus). (*People ex rel. Kurzynski* v. *Hunt,* 250 App. Div. 378, 379; *People ex rel. Ambrosio* v. *Brophy,* 253 App. Div. 871.) Therefore, we cannot review the action of the Parole Board in this habeas corpus proceeding.

In *People ex rel. Chapman* v. *Christian* (unreported), we held in July, 1938, that the time during which a parolee is in custody in another prison, and, therefore, beyond the reach of the Parole Board, is not to be credited against the maximum time for which the parolee can be held. In *People ex rel. Winter* v. *Warden N. Y. Co. Penitentiary* (153 Misc. 694, 695) the court said: "However, the relator is not credited with the time spent by him on the several occasions in the New York County Penitentiary." In *People ex rel. LaPlaca* v. *Heacox* (238 App. Div. 217, 219) it was held that where a parole warrant was issued before the expiration of the maximum term, it could be executed by the arrest of the parolee "after the time fixed for the expiration of his original sentence had expired." In *People ex rel. Atkins* v. *Jennings* (248 N. Y. 46, 53) the Court of Appeals said: "Relator's original main point that he may not be recaptured after the expiration of his full term is without substance. An escaped convict may not go free merely because he avoids arrest until the expiration of the term for which he was sentenced. Escape interrupts service, and the time elapsing between escape and retaking will not be taken into account or allowed as a part of the term."

True, in the last two cases the prisoner had escaped and concealed himself, but a prisoner who is confined in another institution is as effectively out of the reach of the parole authorities as though he had escaped and hidden.

Petition for habeas corpus denied.

Submit order accordingly.