Froessel, J. (dissenting).
On March 5, 1942, while on parole from the New York State Vocational Institution, appellant was convicted of the crime of- assault, second degree, and was sentenced to a 5- to 10-year term of imprisonment. He was paroled on June 7, 1945 to enlist in the United States Army, which he did, owing at that time 6 years, 7 months and 13 days on the maximum term of the sentence. He was honorably discharged in November, 1945. He immediately enlisted in the Regular Army Air Corps and was honorably discharged therefrom on January 1,1947. On January 9,1947, he enlisted in the Enlisted Reserve, from which he was honorably discharged on January 8, 1950.
*167 A warrant for appellant’s arrest was lodged with the Texas authorities by the New York State Parole Board on November 7, 1949, because, we are told by respondent, the Texas authorities advised that appellant was under investigation for commission of a crime in Texas. On the same day, appellant was arrested by virtue of the New York warrant, was incarcerated for 7 days, and then admitted to bail under said warrant on November 15, 1949. The matter was put over to November 25th. On that adjourned day, no one from New York appeared in the Texas court to take him into custody on behalf of the Parole Board. At its meeting on December 16,1949, the Parole Board declared appellant delinquent as of November 2, 1949. The volunteer Parole Agency in Texas, under whose supervision appellant was placed by our Parole Board, refused to take appellant’s monthly reports thereafter.
On January 13, 1950, appellant was arrested in Texas, and subsequently pleaded guilty to the crime of “ Bobbery by Assault ” which he committed on January 9, 1950, more than two months after the effective date of his delinquency and his arrest under the New York warrant. He was sentenced to a 5- to 10-year term in the Texas penitentiary. While serving this term, the same 1949 warrant for parole violation was filed with the Texas authorities as a detainer against appellant after his completion of the Texas sentence.
Appellant was released on a conditional pardon by the Governor of Texas in February, 1954, and was shortly thereafter taken into custody by the New York State authorities and returned to a New York State prison. On March 5th it was determined that since the crime for which appellant was convicted in Texas would be a felony under the law of New York, appellant would, pursuant to section 219 of the Correction Law, have to serve the full unexpired maximum of his New York assault sentence owing at the time of his parole, less the 24 days between his release from the Texas prison and his return to the custody of New York. According to this calculation, appellant’s term of incarceration would not end until September, 1960.
Appellant contends, among other matters, that this computation is erroneous in that he is entitled to credit for the period from June 7, 1945 to November 2, 1949, during which time he was on parole prior to his having been declared delinquent. *168 He argues that section 218 of the Correction Law applies rather than section 219 since (1) the crime for which he was convicted in Texas does not constitute a felony under the laws of New York, and (2) he did not commit the crime in Texas while on parole, as he had been previously declared delinquent, arrested and incarcerated, terminating his parole.
We are all agreed that the first of these contentions is without merit. Though there are differences in language between the Texas robbery statute and ours, they are not material, and the Texas Court of Criminal Appeals has interpreted their statute in such a manner that a person convicted under it would be guilty of a felony under our law (Barfield v. State, 137 Tex. Cr. Rep. 256).
We turn now to appellant’s second contention. On December 16,1949, he was declared delinquent as of November 2,1949. Thus his sentence stopped running as of the date he was declared to be delinquent, and, as the statute prescribes, “ time owed shall date from such delinquency ” (Correction Law, § 218; People ex rel. Dote v. Martin, 294 N. Y. 330, 332-333; People ex rel. Rainone v. Murphy, 1 N Y 2d 367, 370; Matter of Spitale, 302 N. Y. 616; People ex rel. Zackowicki v. Morhous, 285 App. Div. 311, motion for leave to appeal denied 308 N. Y. 1052; People ex rel. Micieli v. Morhous, 279 App. Div. 1120, motion for leave to appeal denied 304 N. Y. 989; see, also, People ex rel. Lynch v. Murphy, 308 N. Y. 859). As of that date, a prisoner’s further absence from the confines of prison is unlawful, and his status is changed from that of a parolee to an escaped convict (People ex rel. Patterson v. Bockel, 270 N. Y. 76, 78; People ex rel. Newton v. Twombley, 228 N. Y. 33, 36; People ex rel. Bickhofer v. Lawes, 255 App. Div. 873; see People ex rel. Hutchings v. Mallon, 245 N. Y. 521). In People ex rel. Dote v. Martin {supra, p. 333), we said that during the time between the declaration of delinquency and the prisoner’s return to prison “his absence from the prison was unlawful and he was no longer in the custody of the Board of Parole and the time does not constitute actual or constructive service of his time of imprisonment”.
Since, therefore, we have held that parole is terminated as of the date of delinquency, it cannot be said that the prisoner is on parole thereafter. Acts occurring subsequently are not committed “ while on parole ”. Here we have not only a delinquency as of November 2, 1949; there followed the issuance of *169 a warrant by our State Parole Board on November 7, 1949; the arrest and incarceration of appellant thereunder on the same date — November 7th; appellant’s release, but only on bail, on November 15th; the actual declaration of delinquency (as of Nov. 2d) on December 16th; the refusal of the Texas Parole Agency, to whom New York had assigned supervision of appellant, to receive his monthly reports thereafter; and, finally, the warrant of detainer which eventually secured delivery of appellant to the Parole Board was the same warrant issued on November 7th and had no reference to the crime committed more than two months thereafter. How, then, can one say that appellant was on parole after November under these circumstances?
When section 219 uses the language “ while on parole ”, we have no right to say that the Legislature must have meant “ after his parole has terminated ”. If indeed the Legislature thought of the situation presented by this case at all, we may well assume they expected that after the Parole Board declared a parole violator “ delinquent ” and thus no longer entitled to his freedom, the New York authorities would be diligent in apprehending him and would not permit him to roam about the country as a menace to the public. As was noted in .he New York State Constitutional Convention of 1938 (Report of New York State Const. Convention Comm., 1938, Vol. IY, p. 208), “ parolees who * * * drift back into underworld haunts * * * are being hurried back to prison before they can do any damage
In this case, the board knew where appellant was, declared his delinquency, issued a warrant for his arrest, and he was arrested and held for the New York authorities for nearly three weeks, but they did not take the trouble to send for him. If we were to affirm here, parole boards would be encouraged to let a parole violator, after declaring him a “ delinquent ”, remain at large, free to commit another crime and in any event to be a constant potential source of danger to the public. This view is not in the public interest. If the law is to be changed, we have no right to rewrite the statute.
To say that sections 218 and 219 deal with altogether different situations is to disregard reality. Both sections were originally enacted together by section 2 of chapter 485 of the Laws of 1928; they deal with the same subject matter; section 218 requires the board to act on violations of parole “ subject to *170 the provisions of the next section that section is 219, which is thereby tied in with section 218, and they simply must be read together. We have no right to say that parole is “ terminated ’ ’ under section 218 but not under section 219. If it is terminated under section 218, as we have held, it necessarily follows that it is terminated under section 219. Moreover, section 219 is penal in character, and it is well settled that such provisions are to be strictly construed (McKinney’s Cons. Laws of N. Y., Book 1, Statutes, § 271).
Even under the present law, the Parole Board could have cancelled appellant’s delinquency as a mere suspect as of November 2, 1949, and proceeded against him as a result of the felony he committed on January 9, 1950, but they chose not to do so. While the prisoner receives the benefit of their action or inaction in this case, it were better in the long run and in the public interest to require our authorities to be diligent in retaking prisoners once their delinquency has been declared, as is their duty, and not permit such prisoners to remain at large free to commit other crimes nor may we rewrite the statute to read as we may think it ought to be. Orderly processes of government require orderly procedure.
Accordingly, inasmuch as the prisoner, when properly credited with the time between the date of his release on parole and the date of his delinquency, has served the full term of his sentence, the orders of the Appellate Division and the County Court should be reversed, and appellant’s writ sustained.
Desmond, Dye and Burke, JJ., concur with Fuld, J.; Froessel, J., dissents in an opinion in which Conway, Ch. J., and Van Voorhis, J., concur.
Order affirmed.