THE PEOPLE OF THE STATE OF NEW YORK ex rel. JACK STEIN, Respondent, v. JOSEPH A. McCANN, as Warden of the Penitentiary of the County of New York, Defendant.

THE PEOPLE OF THE STATE OF NEW YORK, Appellant.

First Department, April 5, 1929.

*Michael J. Driscoll, Deputy Assistant District Attorney*, of counsel [*Joab H. Banton, District Attorney*], for the appellant.

*Alfred I. Rosner*, for the respondent.

McAvoy, J. The deduction from a sentence of imprisonment for time spent in detention jails prescribed by section 2193 of the Penal Law is not permissible in the instance of a sentence under the Parole Commission Act (Laws of 1915, chap. 579, as amd.) because the intent of that act is to effect reformation. Such reformation is to be had under the ægis of the Parole Commission. The prisoner is not under its care until actually so committed. Therefore, the deduction of time served in the detention prison awaiting trial, allowed by section 2193 of the Penal Law, is not to be had by prisoners sentenced under the Parole Commission Act.

The order appealed from should be reversed, the writ dismissed and the relator remanded to custody.

DOWLING, P. J., and MERRELL, J., concur; FINCH and PROSKAUER, JJ., dissent in part.

FINCH, J. (dissenting in part). From a final order sustaining a writ of habeas corpus and discharging the prisoner from custody, the People appeal.

The questions involved are the right of the prisoner to have deducted from his indeterminate sentence the time which he spent in jail prior to sentence. Also the right of the People to have excluded from the indeterminate sentence such time as the prisoner was held on a Federal charge or could not be apprehended by the Parole Commission after a violation of his parole.

The relator, indicted for the crime of burglary, pleaded guilty to the crime of petit larceny and was sentenced to the New York County Penitentiary for an indeterminate sentence not to exceed three years. Prior to sentence the defendant had spent fifty-two days in jail and that fact was indorsed on the commitment papers. Defendant was committed January 20, 1926. Released on parole May 21, 1926. Violated his parole and returned for violation October 5, 1926. Reparoled December 7, 1926. Arrested during parole by the Federal government for selling drugs February 9, 1927, as Edward Wagner. March 14, 1927, released by Federal government under bail. Did not appear for trial, a bench warrant was issued and he was extradited from Detroit, Mich., and on September 12, 1927, pursuant to a plea of guilty was sentenced to eleven months in the Westchester County Penitentiary. A warrant from the Parole Commission was lodged against him at the Westchester County Penitentiary, and upon his release August 11, 1928, he was returned for violation of parole. Incidentally, while on parole he was arrested for homicide but discharged. Pursuant to the writ of habeas corpus, defendant was produced at Special Term at ten A. M. on the 28th day of November, 1928, and the writ sustained by order dated January 29, 1929.

We first consider the question whether the defendant can have deducted from his indeterminate sentence the fifty-two days spent in jail prior to sentence. This depends upon whether the provisions of section 2193 of the Penal Law, as amended in 1919, apply to prisoners under the jurisdiction of the Parole Commission created in 1915. (Laws of 1915, chap. 579, as amd. by Laws of 1916, chap. 287, and Laws of 1919, chap. 242.) Prior to the enactment of the Parole Commission Act, section 2193 of the Penal Law had existed for many years as a statute of general application requiring, with

certain exceptions, prisoners, whether in a prison or penitentiary, to be sentenced so that the term of imprisonment would expire between the months of April to October, inclusive. In 1915 was enacted the Parole Commission Act, a reformatory measure, relating to sentence following conviction of an offense for which the court might sentence to a penitentiary, workhouse, city prison, county jail or other institution under the jurisdiction of the department of correction and requiring an indeterminate sentence of not to exceed three years, except as otherwise specified therein and as provided by laws applicable to reformatories, with a right to parole depending upon reformation. In 1919 section 2193 of the Penal Law was amended so as to provide in part: " Any time spent by a person convicted of a crime in a prison or jail prior to his conviction and before sentence has been pronounced upon him, shall become and be calculated as a part of the term of the sentence imposed upon him, whether such sentence is an indeterminate one or for a definite period of time; and such time shall, in addition to the time allowed for good conduct and earned as compensation, be deducted from the term of the sentence so imposed, under the provisions of article nine of the Prison Law. Where such person is subject to parole by the Board of Parole for State Prisons, the time spent by him in any prison or jail before his conviction and the imposition of sentence, shall likewise be calculated as a part of the term, the sentence imposed upon him, or be deducted from the term of such sentence in addition to other allowances of time provided for by article nine of the Prison Law for the purpose of such parole. At the time of commitment as provided in section four hundred and eighty-seven of the Code of Criminal Procedure, it shall be the duty of the judge to indorse upon the commitment papers the length of time spent by the person convicted in a prison or jail prior to his conviction and before sentence which is to be calculated as part of the term of sentence imposed upon such person." (Amd. by Laws of 1919, chap. 410; since amd. by Laws of 1928, chap. 608.)

This section obviously is designed to enable all prisoners, whether rich or poor, to stand equally before the law so far as a term of imprisonment is involved. Otherwise a prisoner who can afford bail is confined in jail for a shorter time for the same offense than is his poorer brother. The appellant contends that only those prisoners are entitled to the benefits of section 2193 who are confined in a State prison and do not come within the jurisdiction of the Parole Commission. The result would be that this beneficent provision would then be reserved for those who need it least. On the other hand, it is of importance for all prisoners to feel that they are being

fairly dealt with, particularly those who are sentenced to a penitentiary, workhouse, city prison, county jail or other institution under the jurisdiction of the department of correction of the city, as they are most likely to be first offenders, in whom lies the greatest hope of reformation. To sustain its contention, the appellant urges the rule of statutory construction that a special act is not to be deemed repealed by implication from the enactment of a law of general application. (*People* v. *Quigg*, 59 N. Y. 83.) This rule, however, is not an absolute one but, like all rules formulated as aids to the construction of statutes, must be subordinated to the intention of the Legislature. (*People ex rel. Fleming* v. *Dalton*, 158 N. Y. 175.) Considering now section 2193 in detail, the enactment opens with language so broad and comprehensive as to be applicable to all penal institutions and to all sentences, whether a State prison or a penitentiary and whether the sentence is an indeterminate one or for a definite period of time. " Any time spent by a person convicted of a crime in a prison or jail prior to his conviction * * * shall * * * be calculated as a part * * * of the sentence * * * whether such sentence is an indeterminate one or for a definite period of time. * * *."

Because article 9 of the Prison Law █ entitles prisoners to commutation or compensation for good conduct, there might be a doubt as to whether the foregoing provision applied also to State prisons. To remove this doubt section 2193 expressly also gives to State prisoners the same benefit of time spent in a prison prior to sentence. As further showing it to be the intention of the Legislature that section 2193 shall be all inclusive, it is to be noted that the vital first portion of the statute is separated from the portion making the same applicable to State prisons by a semicolon, thus making clearer the intention to lay down generally the principle applicable in the first part of the statute and to remove any doubt that the same should also be applicable to State prisons, even though compensation for good conduct was also there specially provided for. Furthermore, the same intention on the part of the Legislature is manifested by noting that section 2193 relates to a credit to be given for a term spent in jail before the jurisdiction of the Parole Commission attaches. Also, that section 2193 expressly requires that a credit for the time spent in jail prior to the sentence shall be indorsed upon the commitment papers at the time of commitment, as provided by section 487 of the Code of Criminal Procedure, which is generally applicable to all commitments, whether to a penitentiary or to a State prison.

Furthermore, it adds force to the views here expressed to note that as the effect of section 2193 is to apply the principle of equality in imprisonment to all those in prison, irrespective of financial condition, and to remove any semblance of unfairness in punishment, this relief should apply equally to all offenses and should not be withheld from that class in the community for whose reformation the Parole Commission was expressly created. As was said in *People* v. *Moran* (123 N. Y. 254, 264): " It adds much to the force of the views expressed that they will cause the law in the city of New York to conform to that prevailing in other parts of the State, and avoid the unseemly spectacle of unequal punishments for the same offense in different parts of the same jurisdiction." It, therefore, follows that the prisoner in the case at bar is entitled to have deducted the fifty-two days spent in jail prior to his sentence.

We now come to the second question, namely, whether the prisoner is entitled to be credited on his indeterminate sentence with such time as he was without the jurisdiction of the Parole Commission either because held on a Federal charge or because he could not be apprehended after a violation of his parole. The mere statement of this question sustains the contention of the appellant that the prisoner is not so entitled. Otherwise it would follow that a prisoner on parole, by violation thereof and hiding, could obtain immunity from punishment. As was said by Judge POUND, for the Court of Appeals, in *People ex rel. Atkins* v. *Jennings* (248 N. Y. 46, 53): " An escaped convict may not go free merely because he avoids arrest until the expiration of the term for which he was sentenced. Escape interrupts service, and the time elapsing between escape and retaking will not be taken into account or allowed as a part of the term." It, therefore, follows from the foregoing that the maximum sentence to which the defendant was liable was three years, less fifty-two days spent in jail prior to sentence, making two years, ten months and eight days. It further appears that the defendant was within the jurisdiction of the Parole Commission, either in the penitentiary or on parole, from January 20, 1926, to February 9, 1927, and from August 11, 1928, to November 28, 1928, a total period of one year, four months and eight days. In the interval between February 9, 1927, and August 11, 1928, the defendant was, on the date first mentioned, arrested by officers of the Federal government charged with selling narcotics. He was released on bail and fled to Detroit, Mich., where he was rearrested, returned to New York, sentenced upon a plea of guilty and imprisoned until August 11, 1928, when he was released and delivered to the Parole Commission, remaining in their custody until return pursuant to the writ of habeas corpus on November 28, 1928. Deducting from the maximum sentence of

two years, ten months and eight days the time during which the defendant was within the jurisdiction of the Parole Commission, namely, one year, four months and eight days, leaves one year and six months of the sentence unserved, and for this period the defendant appears still liable. The appellant urges, in addition, there should be deducted the periods elapsing between the issuance of two warrants for the defendant while on parole and the actual arrest of the defendant, said warrants having been issued for delinquency of parole. While the rule contended for is correct, there is no proof that the defendant evaded arrest or that any efforts were made to arrest him before the dates of arrest. Such periods, if found, should of course be added to the time which the prisoner should serve. The appellant calculates in its brief that the prisoner owes to the Parole Commission one year, four months and four days, but the additional time found herein owing by him to the Parole Commission apparently is due to the fact that the appellant has credited the prisoner as serving under the jurisdiction of the Parole Commission from December 7, 1926, to June 9, 1927; whereas it appears instead to have been February 9, 1927, or, in other words, the appellant has given credit to the prisoner of four months to which he is not entitled. This record as presented is not clear as to the exact time, and, therefore, leave should be given to the prisoner or to the appellant to apply to the Special Term, if there are facts to sustain a finding in accordance with the foregoing principles, that either the relator or the People are entitled to have a greater or less credit applied.

The order of the Special Term should be reversed, the writ of habeas corpus dismissed and the relator remanded to the custody of the warden of the Penitentiary of the County of New York under the commitment which has been returned as the cause of his detention.

PROSKAUER, J., concurs.

Order reversed, writ dismissed and relator remanded to custody.