THE PEOPLE OF THE STATE OF NEW YORK ex rel. WILLIAM SINGER, Relator, *v.* THE PAROLE COMMISSION OF THE CITY OF NEW YORK and/or WILLIAM ADAMS, Warden of the Tombs, Respondent.

Supreme Court, Special Term, New York County, October 16, 1939.

*Moses A. Sachs,* for the relator.

*Thomas E. Dewey,* District Attorney [*Charles C. Tillinghast, Jr.,* and *Henry Elkind,* Deputy Assistant District Attorneys, of counsel], for the People.

PECORA, J.   Upon this habeas corpus proceeding, relator claims he has been improperly imprisoned in the city penitentiary because he has served more than the maximum term of three years under the Parole Commission Law (Laws of 1915, chap. 579; McKinney's Uncons. Laws [Cities First Class], §§ 751–759).. Relator's calculation includes a term of fifteen months and two days during which he was imprisoned in Dannemora Prison.   The question before me is whether such credit should be allowed, or in other words, whether relator was serving both sentences concurrently.

On May 29, 1934, in the Court of General Sessions, relator pleaded guilty to the crime of attempted grand larceny in the second degree and on June 27, 1934, was given a suspended sentence by the Hon. OTTO A. ROSALSKY.   This suspended sentence was revoked by Judge ROSALSKY on February 11, 1935, and relator was sentenced to the New York City Penitentiary.   The execution of the sentence was stayed until March 29, 1935, at which time relator was committed to the penitentiary, with a recommendation by the judge that relator be confined for a period of one year less the time already spent in prison.

Relator was paroled from the penitentiary on October 18, 1935. Thereafter on February 13, 1936, the city parole commission declared him a delinquent.   He was not taken into custody, however.   In the meantime, relator was arrested under an indictment in Ulster county, to which, on May 10, 1937, he entered a plea of guilty to attempted grand larceny in the second degree, as a second offender.   A sentence to State prison for a term of not less than two and one-half years nor more than five years was imposed on him.

After being taken to Dannemora Prison to serve this sentence, a warrant was lodged by the city parole commission with the authorities at Dannemora. This warrant was, however, withdrawn on July 21, 1937, kept in the files of the parole commission and ultimately used to arrest relator.

Relator was released from Dannemora on September 17, 1938; was arrested by the New York city authorities on January 13, 1939, and returned to the city penitentiary to serve until March 1, 1941.

The claim made by relator that he is entitled to credit for the time spent by him in prison prior to his sentence to the city penitentiary is an academic one here because of the conclusion reached as to the remainder of the sentence. However, even though the question may be in doubt I would be constrained to follow the rulings of the Appellate Division in this department that the provisions of section 2193 of the Penal Law are inapplicable to sentences under the Parole Commission Law. (*People ex rel. Kohlepp* v. *McGee*, 256 App. Div. 792; *People ex rel. Stein* v. *McCann*, 225 id. 623.)

It is urged by relator that he should have been required to complete his first sentence before he entered upon the service of the sentence imposed in Ulster county. Subdivision 2 of section 2190 of the Penal Law provides: " Where a person, under sentence for a felony, afterward commits any other felony, and is thereof convicted and sentenced to another term of imprisonment, the latter term shall not begin until the expiration of all the terms of imprisonment to which he is already sentenced." It is urged in opposition to the writ that section 2190 like section 2193 is inapplicable to sentences under the Parole Commission Law. However, the language of section 2190 does not compel such a conclusion. It is true that impediments of a practical nature would arise. Where both sentences are to State prisons the prisoner is under control of one jurisdiction, namely, the State Parole Commission or the Department of Correction. How the city parole commission could succeed in securing compliance with a request to a State prison to return a prisoner need not be decided here. If section 2190 of the Penal Law is to be held as not affecting sentences under the Parole Commission Law, the Legislature can easily clarify the situation.

Finding section 2190 apposite, it does not follow that relator's contentions can be sustained. The fact that the section requires the second sentence to begin after the expiration of the first, does not mean that there was a termination of the first sentence in the eventualities of the instant proceeding. Language in the two cases relied on by relator indicate this. In *People ex rel. Newton* v. *Twombly* (228 N. Y. 33) CARDOZO, J., said (p. 36): " A prisoner

could not * * * make his sentences concurrent by serving a few weeks of the latter sentence." In *People ex rel. Manuel* v. *Hunt* (153 Misc. 721) the court said: " It may be that * * * the incarceration * * * should have been in Elmira rather than Auburn. This should not, however, serve to shorten his term upon the first sentence." I, therefore, find that service of the sentence in Dannemora was not concurrent with the sentence in the city penitentiary and that the parole commission of the city of New York properly took relator into custody. Their discretion as to when a prisoner can be retaken provided a full term of three years has not been served is not subject to judicial review. (*People ex rel. Roman* v. *Parole Commission*, 116 Misc. 758; affd., 205 App. Div. 840.)

The writ is dismissed and relator is remanded.