In the Matter of MILTON GOLDMAN for a Writ of Habeas Corpus to Inquire into Cause of Detention of RUDOLPH GONZALEZ, Respondent, against WILLIAM E. SNYDER, as Warden of Sing Sing Prison, Respondent. The PEOPLE OF THE STATE OF NEW YORK, Appellant.— In a habeas corpus proceeding, the writ was sustained and the prisoner discharged from Sing Sing Prison on a showing that, after indictment and prior to sentence, he had been committed to Matteawan State Hospital under section 662-b of the Code of Criminal Procedure, and on a conclusion that he was entitled to a deduction from his term of sentence equal to the period of confinement in the hospital. Order reversed on the law, the writ dismissed, and the prisoner remanded to the Warden of Sing Sing Prison. The period of treatment in the State hospital was not time spent in a prison or jail prior to sentence, within the meaning of section 2193 of the Penal Law. Habeas corpus was not the proper remedy. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

■

In the Matter of the Construction of the Will of KATHERINE E. MALLOUK, Deceased. GEORGE MALLOUK, as Executor and Trustee under the Will of KATHERINE E. MALLOUK, Deceased, Appellant; WALTER BRUCHHAUSEN, Special Guardian for JOHN H. MALLOUK and Others, Infants, Respondent.— An executor appeals from that part of a decree on remittitur of the Surrogate's Court, Kings County, making an allowance to a special guardian for certain infants. Decree, insofar as appealed from, affirmed, with $10 costs and disbursements to the respondent and to the executor, payable out of the estate. No opinion. Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.

■

In the Matter of NUMODE REALTY CO., INC. DOMINICO MENDOLIA, Appellant; NUMODE REALTY Co., INC., et al., Respondents.— In a proceeding for the dissolution of a corporation by the owner of one half of its capital stock, petitioner appeals from an order which dismissed the petition on the merits. Order reversed on the law, with $10 costs and disbursements, and matter remitted to Special Term for determination in accordance with the provisions of sections 103, 113, 114, and 117 of the General Corporation Law. The petition and answer disclose that there is disagreement as to the management of the corporate affairs. The answer admits that respondents DiDomenico failed to attend a special meeting of the stockholders duly called in accordance with the provisions of section 22 of the General Corporation Law. There is an issue as to the refusal of said respondents to permit inspection of the corporate books or to give an accounting of the income of the corporation. On the petition and answer it could not be determined that dissolution of the corporation would not be for the best interests of the stockholders. The answer, verified December 27, 1950, alleges that the corporation was organized in 1926 to build three " small properties and to sell them just after the construction of them, at a profit "; it does not allege that they have been sold and admits that no dividend has been paid since the date of organization. There is no statement of the present income or of any profit in the past. In *Matter of Cantelmo* (*Brewer*) (275 App. Div. 231), there was a hearing before a Referee, and the evidence warranted the conclusion that the corporation there involved was " functioning actively and with profit " and " growing steadily, with profits to both parties ". Nolan, P. J., Johnston, Adel, Wenzel and MacCrate, JJ., concur.