Matthew M. Levy, J.
On this application for a writ of habeas corpus, the relator contends that he is being illegally detained in prison. The relator presented no proof. Insofar as I can gather the facts from the records produced by the defendant, it appears that the relator had spent 82 days in prison awaiting trial and sentence; that on December 18, 1950, he was sentenced to the New York City Penitentiary for an indeterminate sentence, not to exceed three years (Correction Law, art. 7-A), as the result of a plea of guilty to attempted grand larceny in the second degree; and that, when sentenced, the court recommended two years’ incarceration.
By this writ two issues are raised for determination. First, is the parole commission bound by the sentencing court’s recommendation that the relator be incarcerated for two years; and second, is the relator entitled as a matter of right to credit for time spent in jail prior to commitment?
Subdivision (b) of section 203 of the Correction Law expressly provides that the “ court in imposing sentence shall not fix or limit the term of imprisonment of any person sentenced ” to the New York City Penitentiary, and that the term shall be determined by the parole commission as prescribed by section 204 and that it shall not exceed three years. Under these sections, the function of the sentencing court is to determine whether or not the defendant is capable of receiving substantial benefit by commitment to a correctional and reformatory institution, and it is the function of the parole commission to determine when the prisoner is sufficiently rehabilitated or reformed to be fit to return to society. The sentencing court’s recom *1057 mendation as to length of imprisonment is not binding upon the parole commission (People v. Tower, 308 N. Y. 123; see, also, People ex rel. Gordon v. Ashworth, 290 N. Y. 285).
On the second point, it appears that the parole commission determined, on March 1, 1951, that, on the basis of the ‘ ‘ merit marks assigned ” to the relator, he would be eligible for parole twenty-four months from the date of commitment, and that the time spent in jail prior to commitment had been considered when the marks were recommended in this case to the sentencing court and that such recommendation was approved. Pursuant thereto, and with additional time being allowed for good conduct and industry, the relator was released on parole on August 12, 1952 (see Correction Law, § 204, subd. [a]). Thereafter, on separate occasions the relator was reincarcerated for violation of parole, reparoled and again reincarcerated, with the result that — without credit as such for the time spent in jail prior to the relator’s commitment and for the time that he was declared delinquent while under parole supervision — the jurisdiction of the parole commission over the relator does not expire until April 17, 1956. The law is clear that the time served in prison while awaiting trial and sentencing need not be credited to a prisoner who has been committed to the New York City Penitentiary pursuant to article 7-A of the Correction Law. The intent of this statute is to effect reformation, and such reformation is to be had under the supervision and control of the parole commission. Since the prisoner is not under the commission’s jurisdiction until actually so committed, the three-year period runs from the date of sentencing. A person committed under this article cannot avail himself of the provisions of section 2193 of the Penal Law, which provides for deduction of time served while awaiting trial (People ex rel. Lenefsky v. Ashworth, 56 N. Y. S. 2d 5, affd. 270 App. Div. 809; People ex rel. Stein v. McCann, 225 App. Div. 623; People ex rel. Singer v. Parole Commission of City of New York, 172 Misc. 423, affd. 259 App. Div. 804).
In the light of the foregoing, this writ is dismissed, and the relator remanded, for, on both points at issue, so long as the parole commission violates no positive statutory requirement, its discretion is absolute and beyond review in the courts by way of habeas corpus (Matter of Hines v. State Bd. of Parole, 293 N. Y. 254; People ex rel. Mahon v. Warden, 1 Misc 2d 267, and cases therein cited). Order signed.