**Petition of Anthony T. DANIELS for a Writ of Habeas Corpus.**

United States District Court
S. D. New York.
April 25, 1957.

------♦------

Anthony T. Daniels, pro se.

LEVET, District Judge.

Petitioner seeks a writ of habeas corpus pursuant to Section 2241 of Title 28, United States Code, on the ground that he was deprived of his constitutional rights in that he was not afforded a speedy trial. He also contends that he was not given sufficient credit on his prison sentence for time spent in hospitals under commitment for examination for the purpose of determining the question of his sanity. Petitioner pleaded guilty in the New York State Court of General Sessions to the crime of attempted assault with a weapon. On June 23, 1955, he was sentenced to two and one-half to five years, and is presently detained by Edward M. Fay, Warden of Green Haven Prison, Stormville, New York.

Petitioner's commitment for observation with respect to his sanity was authorized under Sections 870 through 876 of the New York Code of Criminal Procedure and cannot be deemed a deprivation of his right to a speedy trial.

Petitioner's contention that the time he spent in hospitals should have been calculated as part of the term of the sentence imposed upon him is also without merit. Section 2193 of the New York Penal Law, McKenney's Consol.Laws, c. 40, provides that pre-conviction time spent in a prison or jail by a person convicted of a crime should be calculated as part of the sentence. However, it has been held that confinement in a New York State hospital for observation with respect to the question of sanity is not time spent in a prison or jail prior to sentence, within the meaning of Section 2193 of the New York Penal Law. Goldman v. Snyder, 2d Dept.1951, 278 App. Div. 979, 105 N.Y.S.2d 842, affirmed 304 N.Y. 672, 107 N.E.2d 593. The fact that the petitioner in the Goldman case had been indicted prior to commitment does not distinguish it from the instant case, since Section 870 of the New York Code of Criminal Procedure specifically authorizes a court or magistrate having jurisdiction of a defendant charged with a felony or misdemeanor but not under indictment therefor, to order such defendant to be examined to determine the question of his sanity.

Accordingly, the petition must be denied.

So ordered.