Arthur D. Brennan, J.
In this habeas corpus proceeding, the relator seeks his release from prison contending that the term of his sentence' has expired as a matter of law and that he is now illegally detained.
On February 4, 1949, the relator was sentenced to an indeterminate term of 5 to 10 years. He was received at Sing Sing Prison on February 8, 1949 with a jail time credit allowance of 231 days. On May 22, 1951, he was transferred to Great Meadow Prison and paroled on September 15, 1952. On March 26, 1956, he was declared delinquent and his sentence thereby stopped running, at which time he had 2 years, 2 months and 20 days to serve towards the original maximum expiration date of his 10-year sentence.
On April 25, 1956, he surrendered to the police in Baltimore, Maryland and his sentence began to run again. He was returned ■by the New York State Division of Parole officers to the Manhattan City Prison on April 26, 1956 and later to the Albany County Jail where he was held as 'a parole violator until May *232 25, 1956 on which date he was turned over to the Schenectady County officials to face a new charge for the crime of forgery in the second degree, alleged to have been committed by him while on parole. Before standing trial for this charge, he was committed to the Utica State Hospital on June 4, 1956 for a mental examination and upon a finding that he was insane, he was committed by the Schenectady County Court on July 30, 1956 to the Matteawan State Hospital where he remained until June 12, 1957 when he was discharged therefrom. He was then returned to the Schenectady County Jail for trial and on October 18, 1957 he was acquitted. On November 7, 1957 he was returned to Sing Sing Prison for violation of parole.
The relator has been credited with 189 days for parole jail time covering the period from April 25,1956 to June 4,1956 and from June 12, 1957 until November 6, 1957, all inclusive. The relator asserts that he should be credited with the time he served at the Utica State Hospital and Matteawan State Hospital which time the respondent concedes is 1 year and 8 days.
The respondent contends that there is no statutory provision under and pursuant to "which the relator is entitled to credit for the time during which he was confined in the hospitals aforesaid. The respondent concedes that where a relator is a parolee, and while on parole he is charged with another crime with respect to which he is subsequently acquitted, such a relator comes within the purview of subdivision 3 of section 2193 of the Penal Law. The respondent asserts, however, that by chapter 734 of the Laws of 1957 (eff. July 1, 1957) the said subdivision 3 was amended to provide, for the first time, that the period spent by a parolee in a State institution for defective delinquents or insane criminals shall be calculated as a part of the term of the parolee’s original sentence and that since (as respondent contends) the statute, as amended, is not retroactive, this relator may not have the benefit of it.
This court is of the view that it is not necessary to decide whether the statute, as amended, is remedial or whether it does or does not by express terms have a retroactive effect or only a prospective effect. The respondent has apparently disregarded the fact that subdivision 3 of section 2193 of the Penal Law now provides and for many years last past has provided that the time spent by a person (such as the relator) in a “ prison, jail or other place of detention shall be calculated as a part of the term of his original sentence.” (Emphasis supplied.) This court determines that the relator, when he was *233 committed to and confined in the Utica State Hospital and Matteawan State Hospital under the circumstances above set forth, spent time in a place of detention other than a prison or jail with the result that he is entitled to have calculated and to receive credit as part of the term of his original sentence, the time so spent in the aforesaid hospitals.
This court has carefully read the opinion in Matter of Goldman v. Snyder (278 App. Div. 979, affd. 304 N. Y. 672) wherein it was held that time spent in Matteawan State Hospital “ was not time spent in a prison or jail prior to sentence, within the meaning of section 2193 of the Penal Law.” (Emphasis supplied.) There is no doubt that in the cited case the court was referring to subdivision 1 of said section which at that time did not provide, as did subdivision 3 of said section, that a prisoner was entitled to a deduction (from his term of sentence) of a period equal to the time of his confinement in any “ other place of detention ”. At the time under consideration in the cited case, subdivision 1 of said section granted to the prisoner a deduction from his term of sentence for time spent by him prior to sentence in a prison or jail only.
The relator’s term having thus expired, the writ is sustained and the respondent is hereby directed to release the relator forthwith. The Attorney-General is requested to submit an order in accordance with this opinion.