J. Irwin Shapiro, J.
The petitioner now lodged in the Queens County Jail applies for .release by way of a writ of habeas corpus. The petition in support is written by petitioner in pencil, and it is, therefore, understandable that it is somewhat inarticulate and contains a paucity of legal facts.
From petitioner’s argument on this motion, it would seem that he claims that he should be released because the warrant lodged against him by the Parole Board is ineffective by reason of the fact that, if credited with time spent by him in Matteawan State Hospital, the term of his original sentence has fully expired, and he is no longer subject to the jurisdiction of the Parole Board.
On the argument of this motion petitioner stated that he believed that there had been a recent change in the law which warranted giving him credit for the time spent by him in Matteawan State Hospital. He apparently was referring to the 1957 and 1958 amendments of section 2193 of the Penal Law. Before said amendments, it was held in a case where a prisoner had been committed to Matteawan State Hospital that ££ The period of treatment in the State hospital was not time spent in a prison or jail prior to sentence, within the meaning of section 2193 of the Penal Law.” (Matter of Goldman v. Snyder, 278 App. Div. 979, affd. without opinion 304 N. Y. 672.)
By the amendments in question (L. 1957, ch. 734; L. 1958, ch. 149) section 2193 of the Penal Law was amended to give credit for 11 Any time spent by a person heretofore or hereafter convicted of a crime in a state institution for defective delinquents or insane criminals ”.
If that section applies to the petitioner and if he has not been credited with time spent by him in the Matteawan State Hospital, Ms contention is correct.
*994 His petition is devoid of sufficient facts to come to a conclusion on that score. In the interests of justice, therefore, the court has caused a search to he made of the record and it reveals the following:
“ (1) February 6, 1955 — Defendant was arrested for the crimes of grand larceny second degree (auto), burglary first degree, attempted grand larceny first degree and possession of burglar’s instruments as a misdemeanor; said arrest was with reference to two separate crimes committed on February 6, 1955. At the time of the defendant’s arraignment he was committed to Kings County Hospital for observation.
“ (2) February 21, 1955 — Defendant committed to Matteawan State Hospital by order of Honorable George Eilperin, Justice of the Supreme Court, Kings County.
“ (3) April 26, 1955 — While defendant was confined in Matteawan State Hospital, the Grand Jury, by a direct presentation, found indictment number 341 of 1955 against the defendant charging him with the crimes of attempted grand larceny first degree, grand larceny second degree (auto), burglary first degree and possession of burglar’s instruments as a misdemeanor with reference to the crimes committed on February 6, 1955.
“ (4) Subsequent to this indictment, a warrant was lodged at Matteawan State Hospital.
“ (5) May 25,1955 — Defendant was denied youthful offender treatment.
“ (6) May 7,1956 — Defendant was discharged from Matteawan State Hospital and, pursuant to warrant lodged was arrested for the crimes set forth in indictment number 341 of 1955. There was also a charge of violation of parole which arose out of a prior grand larceny (auto) in Queens County on December 6, 1953 with reference to which this defendant had been sentenced to the New York City Reformatory by Judge Hofmann, County Court, Queens County on April 8, 1954.
“ (7) May 10, 1956 — Defendant arraigned in County Court, Queens County and signed consent for investigation and possible treatment as a youthful offender on application of his attorney.
“ (8) May 31, 1956 — Defendant granted youthful offender treatment.
u (9) February 1, 1957 — defendant granted probation and given a suspended sentence by Judge Groat, County Court, Queens County.
“ (10) June 20, 1957 — Defendant, having violated his probation, was sentenced by Judge Groat, County Court, Queens *995 County, to the New York City Reformatory for an indefinite term.”
When defendant was sentenced to the New York City Reformatory for an indefinite term on June 20, 1957, that sentence was under article 7-A of the Correction Law. The provisions in section 2193 of the Penal Law do not apply to sentences under article 7-A of the Correction Law. This is true even as to time spent by a prisoner in jail before sentence to the reformatory under article 7-A of the Correction Law. The failure to give such credit to a prisoner under article 7-A of the Correction Law, where it is given to him under section 2193 of the Penal Law has been criticized in People ex rel. Lenefsky v. Ashworth (56 N. Y. S. 2d 5, affd. 270 App. Div. 809), but the rulings in that regard are now too well settled to be eradicated by judicial fiat. (People ex rel. Stein v. McCann, 225 App. Div. 623; People ex rel. Singer v. Parole Comm. of City of N. Y., 172 Misc. 423, affd. 259 App. Div. 804; People ex rel. Oldroyd v. McDonnell, 1 Misc 2d 1055.)
The apparent reason for not crediting a prisoner with time spent in confinement where he is sentenced under article 7-A of the Correction Law is that, 11 The intent of this statute is to effect reformation, and such reformation is to be had under the supervision and control of the parole commission. Since the prisoner is not under the commission’s jurisdiction until actually so committed, the three-year period runs from the date of sentencing.” (People ex rel. Oldroyd v. McDonnell, supra, p. 1057.)
If that theory is sound and it has been adopted as the law in the cases above cited, by a parity of reasoning it would apply to one situated as is this relator, who was confined in a mental institution and not in a jail for he, too, was not under the jurisdiction of the Parole Commission until he had actually begun to serve his sentence under their jurisdiction.
The court has been unable to find any cases dealing directly with detention in a mental institution insofar as it bears on the problem here under consideration, but no escape can be seen from the necessary acceptance of the theory involved in the cases above set forth.
The writ is dismissed.
The District Attorney is requested to enter an order on this dismissal and serve a copy thereof on the petitioner.