J. Irwin Shapiro, J.
Application for a writ of habeas corpus. On February 1, 1957, relator was adjudged a youthful offender and placed on probation. As a result of violation of the terms of his probation, the relator was brought back to the County Court, Queens County, and on June 20, 1957, was sentenced to serve an indefinite term in the New York City Penitentiary pursuant to article 7-A of the Correction Law. He now contends that the sentencing court erred in imposing a *865 sentence upon him under article 7-A of the Correction Law because, so he alleges, he is not a fit subject for rehabilitation and that the sentencing court, prior to sentence, in his remarks so stated.
I have before me the transcript of what transpired in the County Court on June 20,1957. Not only did not the sentencing court (Honorable William B. Groat) make the remarks charged to him, but he expressed great hope for the relator’s rehabilitation under proper care and treatment. Said Judge Groat :
“The boy is a sick boy * * * I’m thing [sic] of this boy. * * * And it means keeping him away from it [drugs] where he can’t get it, where he can get treatment. * * *
“ Sentence of the Court is that defendant be sentenced to the New York City Reformatory for an indefinite period, with the further instructions that the Probation Department communicate with that institution telling them the specific recommendation of the Court that this is once that they can show whether or not they really do give some treatment, and the Court will observe with interest what course of treatment is provided for this particular defendant.” (Emphasis supplied.)
Thus the entire claim of the relator is bottomed on a false premise, to wit, that the court first stated that he could not be rehabilitated or helped and thereafter sentenced him as if he could be. His application is, therefore, entirely devoid of merit. Even if there were substance to his claim, this court would be powerless to help him for it has no jurisdiction, by habeas corpus, to review a sentence allegedly erroneously imposed pursuant to article 7-A of the Correction Law. The remedy in such a case is by a direct appeal. (People ex rel. Kern v. Silberglitt, 4 N Y 2d 59.)
It is apparent that the reason for the making of this application is the prior holding by this court that under article 7-A of the Correction Law relator could not receive sentence credit for the time he was confined in a mental institution, whereas, if he had been sentenced to a State prison, he could, under section 2193 of the Penal Law, receive full sentence credit for such hospital confinement. (People ex rel. Brady v. Warden of Queens House of Detention, 19 Misc 2d 992.)
Petition dismissed. The District Attorney is requested to enter an order on this decision and to serve a copy thereof on the relator.