Mitchell D. Schweitzer, J.
The defendant pleaded guilty to the crimes of unlawful entry and petit larceny on June 1, 1967. He was sentenced on October 16,1967, for unlawful entry, to the penitentiary of the City of New York under former article 7-A of the Correction Law (§§ 200-208). Sentence was suspended on the petit larceny count.
He now applies to be resentenced on the ground that the sentence imposed was illegal. He alleges that inasmuch as the former article 7-A — Parole System in Certain Cities (Correction Law, § 200 et seq.) —was repealed by section 6 of chapter 324 of the Laws of 1967, effective September 1,1967, there no longer *520 was any New York City Parole Commission in existence at the time sentence was imposed and hence the sentence was invalid.
Former article 7-A of the Correction Law was repealed by legislation designed to “ accommodate the correction law to the revised penal law, ’ ’ which was to take effect on the date the repeal became effective (see note appended to chapter 324). The question in this case is whether subdivision 3 of section 5.05 of the new Penal Law (enacted by L. 1965, ch. 1030, eff. Sept. 1, 1967), that provides for continued application of the former Penal Law to sentences imposed for offenses committed prior to September 1, 1967, also applies to the imposition of sentence under article 7-A.
Subdivision 3 of section 5.05 of the new Penal Law states that crimes committed prior to the effective date of that law — as in the instant case — must be “construed and punished” in the same manner as if the new Penal Law had not been enacted. Since section 500.05 of the new Penal Law repeals the old Penal Law as of the commencement date of the new, an exception to the repeal was needed to cover offenses committed prior to September 1, 1967. The exception is provided by subdivision 3 of section 5.05. The obvious intent of this provision is twofold. As stated in the opening clause, it declares that the provisions of the new Penal Law do not apply to the punishment of any offense committed prior to September 1,1967. Additionally, the life of the old Penal Law is extended to cover such offenses. But this extension has no relevance to article 7-A. It applies only to those laws which were repealed by the new Penal Law itself.
Former article 7-A of the Correction Law was a separate and distinct sentencing plan, apart from the Penal Law. Its independent nature was consistently recognized by the courts, which uniformly held that provisions of the Penal Law, the Code of Criminal Procedure and the Correction Law which governed terms of imprisonment in State institutions had no application to New York City penitentiary sentences. Thus, for example, it was held that neither the provisions of section 2193 of the Penal Law (giving State prisoners credit for time spent in jail before conviction) nor section 230 of the Correction Law (permitting State prisoners a discretionary reduction of sentence for good behavior) applied to prisoners sentenced under article 7-A. (People ex rel. Singer v. Parole Comm. of City of N. Y., 172 Misc. 423, affd. 259 App. Div. 804 [1st Dept., 1940]; People ex rel. Kohlepp v. McGee, 256 App. Div. 792 [1st Dept.], app. dsmd. 282 N. Y. 677.)
*521 Since the Correction Law was a separate and distinct law, the passage in 1965 of the revised Penal Law with its in futuro repeal of the Penal Law had no effect on the Correction Law. The Court of Appeals was aware of that when, a year later, it said: “ This whole matter of sentencing under article 7-A of the Correction Law is and has been unsatisfactory. It should have the attention of the Legislature.” (People v. Wilson, 17 N Y 2d 40, 45 [1966].)
In 1967, article 7-A received the attention asked by the Court of Appeals, and was repealed, effective September 1,1967. The repealing statute contains no exception permitting article 7-A sentences to be imposed after September 1,1967 for crimes committed before that date. To the contrary, examination of the new Correction Law provisions enacted by chapter 324 (§§ 825-835) shows an underlying assumption that no article 7-A sentence would be imposed after September 1, 1967. Significantly, the new Correction Law provisions permit persons sentenced to definite terms after September 1, 1967, for offenses committed prior to that date (such as the defendant here), to elect to come under the new parole system designed to replace the former article 7-A plan (see Correction Law, § 825, subd. 1). The chapter provides for transfer of the functions of the City Parole Commission (abolished by the new act) to the State Board of Parole and the transfer provisions clearly speak only in terms of any “ business or matter ” pending on September 1, 1967. The foregoing clearly establishes that the Legislature did not contemplate that any new “ business or matter ” should be allocated to the City Parole Commission after September 1, 1967. Thus, the transfer provisions state:
‘1 Any person who, prior to the effective date of this act, was under the jurisdiction of any such parole commission shall, on the effective date of this act, be and become subject to the jurisdiction of the state board of parole ” (L. 1967, ch. 324, § 7).
“ Any proceeding or other business or matter undertaken or commenced by or before any such parole commission, and pending on the effective date of this act may be conducted and completed by the state board of parole in the same manner and under the same terms and conditions and with the same effect as if conducted and completed by the parole commission.” (L. 1967, ch. 324, § 11.)
The Legislature granted persons sentenced on or after such date — for offenses committed prior thereto — the right to seek parole under the new law, and it did not grant jurisdiction to the State Board of Parole to administer parole for article 7-A sentences imposed after September 1, 1967. In sum, it is clear *522 that the Legislature intended to abolish the practice of sentencing under article 7-A effective September 1, 1967, irrespective of the date the offense was committed.
The imposition of article 7-A sentences after September 1, 1967, in contravention of the intention of Legislature, as expressed in chapter 324 of the Laws of 1967 cannot be justified by reference to section 5.05 of the revised Penal Law, since, as noted above, by its terms, section 5.05 applies only to the law repealed by the revised Penal Law itself, i.e., the old Penal Law.
Since the defendant could not be sentenced under former article 7-A, as such law did not exist with respect to persons sentenced on or after September 1, 1967, he should have been sentenced under the former Penal Law which was still applicable by virtue of subdivision 3 of section 5.05 of the revised Penal Law.
The motion is granted.
The Clerk of the court will make the necessary arrangements for the production of the defendant on the 16th day of April, 1968, in Part XXXIV.