KINGS COUNTY LIGHTING COMPANY, Respondent, *v.* THE CITY OF NEW YORK, Appellant.　(Action No. 2.)

Second Department, December 30, 1916.

Statutes — rules of construction — gas and electricity — liability of city of New York under lighting contract — effect of Laws of 1905, chap. 736, fixing rates for gas furnished to city of New York — police power — constitutional law — impairing obligation of contracts.

Statutes should be construed if possible so as not to repeal other legislative acts by implication, and should be given a reasonable intendment.

Much weight should be given to the practical construction of a statute by the officials whose duty it is to enforce it.

Chapter 736 of the Laws of 1905 fixed the price of gas furnished to the city of New York as a consumer. It was not enacted for the city in its governmental capacity, but for it merely as a large consumer entitled to special terms.

It was not passed in the exercise of the police power as it was not for the relief of the general public, but only for the benefit of the city.

Hence, where in an action by a lighting company against the city of New York to recover for gas furnished the city under contracts made with its predecessor under statutory authority prior to 1905, it appears that the defendant company made stipulated payments throughout several years since the act of 1905 took effect, and that by a contract made in 1907 it again confirmed its obligations under the prior contracts on the strength of which it obtained important concessions from the plaintiff, it should not be allowed to invoke the act of 1905 to relieve it from its obligations under the contracts in suit.

If the contention should be made that the act of 1905 dissolved the obligations of the defendant under its prior contracts, it would be open to the charge of violating section 10 of article 1 of the Federal Constitution.

Where a statute is susceptible of two possible constructions, one of which will give rise to doubt as to its constitutionality, and the other avoid such a question, the latter construction will be adopted.

APPEAL by the defendant, The City of New York, from an order of the Supreme Court, made at the Kings County Special Term and entered in the office of the clerk of the county of Kings on the 12th day of September, 1916, granting plaintiff's motion for judgment on the pleadings, and sustaining its demurrer to the first separate defense and to the second and third separate and partial defenses contained in the answer to plaintiff's first cause of action.

The defenses demurred to alleged that the terms of plaintiff's contract for lighting had been modified by the act of June 3, 1905, fixing the price of illuminating gas in the city of New York after July 1, 1905.

The former board of improvement of the old town of New Utrecht, on December 26, 1889, made an agreement with the Kings County Gas and Illuminating Company for lighting the streets of New Utrecht for a term of ten years at a rate of twenty-eight dollars per street lamp. This was done under due legislative authority (Laws of 1888, chap. 576; Laws of 1889, chap. 361), which was further confirmed by Laws of 1891, chapter 59, by which that board received power to extend such lighting contract for a further period of fifteen years. Under this authorization another contract was made, continuing the original agreement for an additional period of fifteen years, which brought the term up to December 2, 1916.

A local taxpayer early sued to annul this contract, in which suit it was judicially held that the original contract and the power to extend it for fifteen years were authorized. An exclusive provision to the effect that the board of improvement would not permit any other company to lay mains in the streets of New Utrecht was held unauthorized, but as not affecting the valid portions of the contract. (*Parfitt* v. *Furguson*, 159 N. Y. 111.)

Laws of 1905, chapter 736, provided: "A corporation, association, copartnership or person engaged in the business of furnishing or selling illuminating gas in the city of New York, shall not charge said city or receive therefrom for such gas, a sum in excess of seventy-five cents per one thousand cubic feet." Further provisions regulated the power, composition and pressure of gas to be furnished, and imposed a penalty of $1,000 for each violation of any provision of the act, to be sued for and recovered in the name of and by the city of New York for its benefit. This act took effect on July 1, 1905.

Two years later, on June 26, 1907, the city of New York confirmed these lighting contracts with plaintiff, recognizing it as successor of the former Kings County Gas and Illuminating Company, and entered into a supplemental agreement, in which was recited:

"WHEREAS, the territory which constituted the Town of New Utrecht at the time of the making of said contracts has since become a part of The City of New York; and,

"WHEREAS, the Commissioner of Water Supply, Gas and Electricity of The City of New York, desires to change the burners upon the gas lamps within said territory, to which Kings County Lighting Company under and pursuant to said contracts is now supplying gas, from open flame burners to mantle burners, and desires also to change the location of certain of said lamps, and has requested of The Company the privilege of making such changes; and

"WHEREAS, The Company is willing that such change of burners and changes of location of lamps be made, subject, however, to certain conditions hereinafter particularly set forth;

"*Now, therefore,* it is agreed by and between the parties hereto as follows:

"*First.* Before the substitution of any burners upon any of said gas lamps and before the change of the location of any of said gas lamps and before the permission herein granted to the making of such substitution and changes shall be effective or in force, The City of New York shall pay to The Company the two judgments heretofore recovered by The Company against The City of New York on the 7th day of February, 1906, for $35,872.43 and $31,234.46, respectively, in full with interest, and shall also pay to The Company all bills and claims in full with interest thereon from the date of the presentation of said bills and claims to the Department of Water Supply, Gas and Electricity against the City for street lighting and gas supplied for public buildings and for relaying mains and services and setting and resetting lamp posts, which bills and claims have been approved by the Commissioner of Water Supply, Gas and Electricity and audited by the Comptroller of The City of New York.

"It is further agreed that all bills and claims for lighting not included in said judgments or not yet approved by the Commissioner of Water Supply, Gas and Electricity or audited by the Comptroller shall be paid in full with interest as soon

Second Department, December, 1916. [Vol. 176.

as the same can be so approved and audited, and that the approval and auditing of said bills shall be taken up at once and completed as soon as possible.

" *Second.* After the payment of said judgments and bills for lighting, and for relaying mains and services, and setting and resetting lamp posts, The Commissioner shall have the right, at the sole cost and expense of The City of New York, to substitute in the place and stead of the open flame burners upon the lamps, now being lighted by The Company, mantle burners and the necessary equipment therefor, of a character and pattern to conform to the specifications hereto annexed, made a part hereof and marked ' Exhibit A.'

" *Third.* After the payment of said judgments and bills for lighting, and for relaying mains and services and setting and resetting lamp posts, The Commissioner shall also have the right to direct the location of lamps now being lighted by The Company to be changed to such places as may be designated by him, the cost and expense of any and all of such changes to be borne and paid by the City of New York, but this permission shall not be taken as granting the right to The Commissioner or to The City of New York to direct the discontinuance of any lamps.

" *Fourth.* The Company agrees to clean and keep clean and repair all mantle lamps which may be substituted for open flame burners, said repairing to include the putting in of new glass, the repairing and replacing of frames, tubes and burners, posts, and every other repairing necessary to keep the lamps, posts and appurtenances in good order and in proper and efficient condition for the supply and consumption of gas during the period of the contract between the Board of Improvement of the Town of New Utrecht and the Kings County Gas and Illuminating Company hereinbefore referred to, it being the intention of this agreement that The City of New York shall pay the first cost of the mantle burners and the cost of their installation, including the cost of such equipment and changes in the lamps as may be required to make the substituted burners effective, and that The Company shall thereafter, until the expiration of said contracts, maintain and repair said mantle burners, as provided above. It is also

understood and agreed that in making repairs and replacements to the lamps, lamp heads and accessories to be purchased by The City of New York, the Company shall have the right to use any article or appliance which complies with the specifications hereto annexed and marked 'Exhibit A,' and in quality is equal to the original equipment, whether such article or appliance shall be of the same manufacture as that purchased by the City or not, subject to the approval of any such article or appliance by the Chief Engineer of Lighting and Power of The City of New York; but in case of a disagreement between the said Chief Engineer of Lighting and Power and The Company as to any such article or appliance, an arbitrator shall be selected by said Chief Engineer and The Company, whose decision as to the use of any proposed article or appliance shall be final and binding on both parties hereto.

"*Fifth.* It is expressly understood and agreed that the changes in lamp equipment and in location of lamps herein contemplated are not provided for in the contracts between the Board of Improvement of the Town of New Utrecht and the Kings County Gas and Illuminating Company dated respectively December 26, 1889 and March 19, 1891, and hereinbefore referred to; that this agreement is additional or supplementary to said contracts, and shall not be construed as changing or impairing said contracts in any way save as is herein expressly stated.

"*Sixth.* It is also expressly understood and agreed that The City of New York will hold and keep The Company harmless from, and will indemnify it against, any and all claims and demands, suits, actions, judgments, expenses and damages which may be due or may be alleged to be due to any actual or alleged infringement of patents or patent rights in the purchase or use of the mantle lamps and the appurtenances thereof to be purchased by The City of New York and maintained and repaired by The Company, as herein provided."

Plaintiff, in the case at bar, averred the union of New Utrecht with the former city of Brooklyn, followed by the consolidation of Brooklyn with the city of New York, so that the territory has become the thirtieth ward in the borough of Brooklyn; also the merger of the former Kings County Gas

and Illuminating Company with the plaintiff.  It set out the original contracts, also the above supplemental agreement of June 26, 1907.

The complaint also alleged that plaintiff had rendered lighting services between October 1, 1914, and June 30, 1915, in accordance with such contract, and that as compensation therefor it was entitled to $109,511.53, which sum had been duly claimed from the comptroller under section 261 of the city charter, and that thirty days had expired before commencing action.  This made out the first cause of action in the amended complaint.

In the form of three separate defenses the city interposed the aforesaid statute (Laws of 1905, chap. 736), which was pleaded first as a defense, second as a partial defense, and third as fixing a standard of the reasonable value of gas to the city, beyond which rate the municipality should not be required to pay.  Plaintiff demurred to these defenses and partial defenses as insufficient, which demurrer has been sustained.

*Samuel J. Rosensohn* [*Lamar Hardy, Corporation Counsel, Felix Frankfurter* and *Walter E. Meyer* with him on the brief], for the appellant.

*Samuel F. Moran*, for the respondent.

Putnam, J.:

Statutes should be construed, if possible, so as not to repeal other legislative acts by implication, and should be given a reasonable intendment.  Hence we should not impute to the Legislature, in passing the act of 1905 fixing seventy-five cents per 1,000 cubic feet as the price to the city of New York as a consumer of illuminating gas, a purpose to take away plaintiff's right to compensation under prior contracts performed in lighting the streets of the thirtieth ward.  By this contract plaintiff does not furnish or sell gas, except as incidental to maintaining street lamps with the illumination therefrom. The gas consumed is but one item (and that not a separable one) of the service contracted for.

The number of lamps to be lighted was originally 500, but by clause 14 the town board of improvement reserved the right

to increase the number, and to require the gas mains to be extended from time to time (possibly into newly-opened streets where the revenue would not meet the expense) for the compensation computed according to the number of lamps actually lighted. Such a right may be beyond even the authority of present Public Service Commissions to compel from such a lighting company. (*People ex rel. New York & Queens Gas Co.* v. *McCall*, 171 App. Div. 580; 219 N. Y. 84.)

As a result of an inquiry into the cost of gas production the Legislature by separate act fixed the price of gas in New York city to the public, with the express proviso that the regulation should not apply to gas furnished or sold to the city of New York (Laws of 1906, chap. 125). The act here invoked (Laws of 1905, chap. 736) fixed the price for gas furnished to the city, regarded as a consumer. This legislation is not for the city, in its governmental capacity, but for it, merely as a large consumer, entitled to special terms. This act touched the rights of no other consumers. In no sense was it an exercise of the police power, as it was not for the general public, but for the defendant's relief, standing apart from general local consumers.

The defenses raised do not show whether the charge for plaintiff's service, if possible to be analyzed into component parts, would involve more than seventy-five cents per 1,000 feet for the gas consumed.

A received canon of statutory construction accords much weight to the practical construction given to a statute by the officials whose duty it was to enforce it. (*City of New York* v. *New York City R. Co.*, 193 N. Y. 543; *Grimmer* v. *Tenement House Department of City of New York*, 205 id. 549.) Not only has the city of New York continued making its stipulated quarterly payments throughout the ten years since this act which it now invokes took effect, but, by its contract of 1907, it again confirmed its obligations, on the strength of which it obtained from plaintiff important concessions. The statute being highly penal, and the penalties being for the city's benefit, make more significant the defendant's omission to assert that, in 1905, the obligations of its contract had been dissolved. Such a contention, even if made before the confirmatory contract of 1907, would have been open to the charge of

violating section 10 of article 1 of the Federal Constitution. (*Vicksburg* v. *Vicksburg Waterworks Co.*, 206 U. S. 496; *Hudson Water Co.* v. *McCarter*, 209 id. 349, 357; *Russell* v. *Sebastian*, 233 id. 195.)

Where a statute is susceptible of two possible constructions, one of which will give rise to doubt as to its constitutionality, and the other avoids such a question, the latter construction will be adopted. (*United States* v. *Delaware & Hudson Co.*, 213 U. S. 366, 408; *United States* v. *Bennett*, 232 id. 303.)

Defendant, therefore, should not now invoke the act of 1905 to relieve it from its obligations under the contracts in suit. I advise that the order sustaining plaintiff's demurrer should be affirmed, with ten dollars costs and disbursements.

THOMAS, CARR and STAPLETON, JJ., concurred; JENKS, P. J., not voting.

Order sustaining plaintiff's demurrer affirmed, with ten dollars costs and disbursements.