In the Matter of ALEX ASTRAB, Respondent, against JOHN F. O'CONNELL et al., as Members of the State Liquor Authority, Appellants.— Appeal from an order granting respondent's application in a proceeding under article 78 of the Civil Practice Act, to review appellants' determination denying respondent's application for a reconsideration of their action in revoking respondent's restaurant liquor license, directing appellants to permit respondent to produce the testimony of five named witnesses and such other witnesses as he may be advised, and to reconsider their action in the light of the further testimony, and staying the revocation order pending the proceedings and the further order of the court. Order reversed on the law, with $10 costs and disbursements, and the motion denied, without costs. Appeal from an order denying appellants' cross motion to dismiss the petition. Order reversed on the law, without costs, and the motion granted, without costs. There is no claim that rule 2 of the Rules of the State Liquor Authority, promulgated by appellants pursuant to section 119 of the Alcoholic Beverage Control Law, is invalid for any reason. Since respondent's application for reconsideration was made after appellants' determination revoking his license, the application could not be granted except on newly discovered evidence. It is not claimed that the evidence sought to be produced is newly discovered. Under the circumstances, the action of the appellants in denying the application may not be considered arbitrary, unreasonable or capricious. Furthermore, appellants' order denying reconsideration was not subject to judicial review. (Alcoholic Beverage Control Law, §§ 2, 121; *Reckler* v. *Quinn,* 255 App. Div. 873, affd. 280 N. Y. 768; *Matter of Roden* v. *State Liquor Authority,* 258 App. Div. 1076; *Matter of Calvary Presb. Church* v. *State Liquor Authority,* 249 App. Div. 288, affd. 275 N. Y. 552.) The order appealed from granting respondent's application was final within the meaning of section 1300 of the Civil Practice Act and was subject to review without the consent of the court. Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ., concur.

In the Matter of BERNARD BEER et al., Appellants, against BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act, order denying appellants' petitions to direct respondent to adopt by-laws decreasing the number of hours of service required of teachers in vocational high schools, unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ. [See *post,* p. 994.]

In the Matter of WILLIAM CARROLL et al., Appellants, against BOARD OF EDUCATION OF THE CITY OF NEW YORK, Respondent.— In a proceeding pursuant to article 78 of the Civil Practice Act, order denying appellants' petition to direct respondent to revise its by-laws and regulations so as to equalize the hours of service required of teachers in the vocational high schools with the hours required of teachers in the academic high schools, or for alternative relief by way of extra compensation, unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Johnston, Adel, Sneed and Wenzel, JJ.