Donald S. Taylor, J.
In this proceeding instituted pursuant to article 78 of the Civil Practice Act the petitioners seek to review and to annul a determination of the respondent, the Water Power and Control Commission of the Department of Conservation of the State of New York, which approved an application by the respondent Pabst for the construction of a waterworks system to serve a portion of a summer residential community bordering on Peach Lake in Westchester County. The petitioners are the owners of real property within the confines of the territory so served. The mandated statutory hearing was held.
In the words of the petitioners’ counsel “ the principal reason upon which this proceeding is based under Article 78 is the fact that respondents failed to comply with Section 523 of the Conservation Law of the State of New York in that there was no statutory compliance with the provisions of the aforesaid section ”. Their main thesis is that the use by the Legislature of the words “ such newspapers ” was intended to mean at least two newspapers and that the publication of the notice of the hearing by direction of the commission in only the Bretvster Standard jurisdictionally vitiated the commission’s whole determination. They also argue that the commission’s failure to grant a requested adjournment of the hearing was arbitrary and that holding it in the applicant’s residence was *1028 improper. They expressly state that they raise no questions under subdivisions 6 and 7 of section 1296 of the Civil Practice Act.
Section 523 of the Conservation Law provides in part: ‘ ‘ Said commission shall thereupon cause public notice to be given that on a day therein named it will hold a public hearing at such place as it may specify in said notice, for the purpose of hearing all persons, municipal corporations or other civil divisions of the state that may be affected thereby. Such notice shall be published in such newspapers and for such length of time, not exceeding four weeks, as the commission shall determine.”
Section 35 of the General Construction Law states: “ Words in the singular number include the plural, and in the plural number include the singular.” (See Zacharakis v. Bunker Hill Mut. Ins. Co., 281 App. Div. 487, motion for leave to appeal granted 281 App. Div. 1019.)
Had the Legislature intended, as the petitioners urge, that the notice of hearing was required to be published in two or more newspapers, it could have said so in specific terminology. (Cf. Rules Civ. Prac., rule 50; Civ. Prac. Act, § 712.) That it did not but instead, in effecting the statutory purpose, chose to use the plural of the word “ newspaper ” indicates an intent to include its singular number to the end that there would be vested in the commission discretion to decide, under the particular circumstances of each application, whether publication in one newspaper would constitute sufficient notice of the required hearing or whether publication in two or more newspapers should be directed to accomplish the same result. For a similar reason in the same sentence the Legislature also conferred discretion on the commission to determine the number of times and, within a fixed maximum, the period that the notice should be published. The petitioners seem not to complain about the right of the commission to exercise its discretion in the latter aspect.
The courts accord great weight to the practical interpretation by an administrative agency of the statutory provisions which delineate its functions and procedures. In Bullock v. Cooley (225 N. Y. 566, 571) it was said: “ Much weight should be given to the practical construction of a statute by the officers whose duty it is to enforce it.” To the same effect are Grimmer v. Tenement House Dept. (205 N. Y. 549); Matter of Kathy Realty Corp. v. McGoldrick (281 App. Div. 850) and Kings County Light. Co. v. City of New York (176 App. Div. 175, affd. 221 N. Y. 500). In the instant proceeding there is no showing that the procedure which the commission adopted in *1029 publishing the notice of the hearing was inconsistent with its usual practice or had ever been the subject of prior challenge.
Section 523 of the Conservation Law {supra) further provides: “At any time prior to the day specified in such notice any person or municipal corporation or the proper authorities of any civil division of the state may file in the office of the commission objections to the project proposed by such application. Every objection so filed shall particularly specify the ground thereof. The commission shall, upon the day specified in said notice, or upon such subsequent day or days to which it may adjourn the hearing, proceed to examine the said maps and profiles and to hear the proofs and arguments submitted in support of and in opposition to the proposed project, but no person, municipal corporation or local authorities shall be heard in opposition thereto except on objections filed as authorized by this section. ’ ’
On the day of the scheduled hearing the petitioners requested its adjournment which, although the minutes of the hearing do not so state, was denied. It is claimed that such action by the commission was arbitrary. It appears that on the day before the hearing counsel for the petitioners mailed to the secretary of the commission a letter in which he stated the grounds of their objections to the execution of the plans for the project. Even if the objections had been filed as required by the statute, the stated grounds could properly be regarded by the commission as matters outside its province. The choice of the place for conducting the public hearing the statute leaves to the commission.
I am satisfied that the commission’s determination has ‘1 reasonable basis in law ”, “ warrant in the record ’ ’ and was neither arbitrary nor capricious. Under such circumstances judicial interference is not permissible. (Norwegian Nitrogen Co. v. United States, 288 U. S. 294, 315; Matter of Park East Land Corp. v. Finkelstein, 299 N. Y. 70, 75; Mulligan v. Strauss, 170 App. Div. 855.)
The petitions are dismissed on the merits, without costs.
Submit order accordingly.