Louis L. Fbiedmah, J.
This is an application under article 78 of the Civil Practice Act for an order in the nature of a mandamus directing the respondents to upgrade the salaries and to change the title of the petitioners’ positions. The respondents cross-move to dismiss the petition for legal insufficiency.
The petitioners are “ Supervisors of Recreational and Community Activities ” employed by the respondent board of education of the City of New York in its bureau of community education. As such, their duties and functions are to supervise the various after-school and summer vacation centers operated either by the board of education itself or by it in conjunction with other agencies. The petitioners’ position has been placed in salary schedule V with a salary range from $8,500 to $8,900 and they have been paid according to this schedule.
The petition alleges two separate causes of action. Under the first cause of action, the petitioners claim to be entitled to a salary schedule for their positions fixing a salary range from $10,650 to $11,150 per annum. To substantiate this claim petitioners allege a great increase in their duties; the apprehension that additional week-end centers will be opened; and the assumption that they will be directed to organize, establish and supervise such centers. They also refer to and quote from by-law provisions which establish for day school personnel a more liberal vacation plan than petitioners enjoy; they additionally claim that the duties of supervisors in other bureaus or divisions of the public school system are less onerous than those of the petitioners; that acting supervisors recruited from the regular teachers, who incidentally work two jobs, receive more pay than petitioners; that the recently established license of principal of youth and adult centers has lower eligibility *945 requirements but a higher salary; that the board of education has a policy to pay supervisors at least $500 more per annum than the highest salary of the persons under them; that the superintendent of schools proposed the establishment of a new position under the title of “ Supervisor of Community Education,” with a salary range from $10,500 to $10,900, for the chief reason, among others, that the holder of such new position would receive a higher salary than principals of youth and adult centers, who would come under the supervision of the “ Supervisor of Community Education”; that petitioners requested the respondent superintendent of schools to place them in that title at that salary; that the proposal was withdrawn pending the appointment of a new director of the bureau of community education; that a new director has been, appointed; that letters and telegrams have been sent to respondents requesting conferences to discuss petitioners’ request for an increase in the scheduled salary for their positions, and for a revision in the title thereof, and that no conference was granted.
Then petitioners assert that respondents’ refusal to grant their request for a conference and for an increase in their salary, as well as for a revision of title to which they are legally and justly entitled, was arbitrary, unreasonable and capricious ; and conclude that under the foregoing alleged facts petitioners are reasonably and justly entitled to a salary schedule paying not less than $10,650 to a maximum of $11,150 per annum.
Under the second cause of action the petitioners claim to be entitled to a change in title of their position from ‘ ‘ Supervisor of Recreation and Community Activities ” to “ Administrator — Supervisor of Community Education. ’ ’ They predicate this claim upon the assertion that the law governing classification of positions in the public service requires that each position be given a title which is reasonably descriptive of the functions and duties of the position.
It is unquestioned that an order in the nature of a mandamus, such as is sought here, may be granted only to compel the performance of an official duty imposed by law and where petitioners have a clear, legal right to the relief sought (Matter of Pruzan v. Valentine, 282 N. Y. 498; Matter of Ellis v. Dixon, 281 App. Div. 987). It is equally established that as a general rule courts will not compel the performance of a power, the exercise of which lies in the discretion of the officer or body against whom the relief is sought. To this rule there is the well-recognized exception that the action of the officer or body must not be arbitrary, unreasonable or capricious (Matter of Carroll v. Board of Educ. of City of N. Y., 83 N. Y. S. 2d *946 485, affd. 274 App. Div. 931, appeal dismissed 299 N. Y. 565; Matter of Beer v. Board of Educ. of City of N. Y., 274 App. Div. 931, motion for leave to appeal denied 298 N. Y. 931; Matter of Shapiro v. Board of Educ. of City of N. Y., 250 App. Div. 57, motion for leave to appeal denied 274 N. Y. 643).
Accepting the factual averments of the petition as true, it is crystal clear that the petition fails to set forth such facts from which it may reasonably be concluded that the petitioners have a clear legal right to the relief sought. There is no showing that the respondents failed to perform any legal duty imposed upon them by law.
The fact that the petitioners’ duties have increased and may be further augmented in the future, or that they are compelled to work longer hours, is neither an injury nor a grievance (Crane v. City of New York, 185 Misc. 456, affd. 270 App. Div. 930, affd. 296 N. Y. 717). In any event, the fact remains that petitioners are not now required to work any longer than they formerly worked.
Respondents are not legally bound to adopt a new salary schedule or to change titles of positions for personnel employed in the school system. They have not violated any duty imposed upon them by law in those respects. Those matters are clearly within the discretionary powers of the board of education and there is no showing of any justification for this court to interfere with such power. Accordingly, it is concluded that under the facts alleged respondents’ failure to grant a conference or to grant the other relief sought was not arbitrary, capricious or unreasonable, and petitioners’ motion is denied.
Cross motion to dismiss the petition for legal insufficiency is granted.
Settle order on notice.