In the Matter of the SUFFOLK COUNTY WATER AUTHORITY, Petitioner, *v.* WATER POWER AND CONTROL COMMISSION OF THE STATE OF NEW YORK et al., Respondents.

Third Department, January 25, 1961.

*David L. Glickman* for petitioner.

*Louis J. Lefkowitz, Attorney-General* (*Richard H. Shepp* of counsel), for Water Power and Control Commission, respondent.

*Charles H. Stoll, Special Counsel* (*Aaron L. Rochman* on the brief), for Town Board of Huntington, respondent.

BERGAN, P. J. The controversy in this case arises between two public water supply agencies in respect of the future service of the same territory; and involves the legal right of the Water Power and Control Commission (now the Water Resources Commission) to rearrange its formal approval and authorization given to the plan of one of the agencies to provide water service.

On March 3, 1959 the commission approved a proposal by the petitioner, Suffolk County Water Authority to extend its Babylon plant supply into an area of 1,308 acres in the southeast section of the Town of Huntington. Timely objection was

made before the commission by the Town of Huntington itself to the water authority's proposed extension of service within the town, on the ground that the Dix Hills Water District, a municipal corporation of the Town of Huntington, contemplated an extension of its boundaries within the town to include a part of the area proposed to be served by petitioner.

In approving the petitioner's proposal the commission noted a reservation in its order. The order expressly provided that the commission "retains the right to alter the boundaries of this area; to authorize the construction of other water works systems therein, both publicly and privately owned; and to authorize the development of other sources of water supply, both within and without said area for the supply of water in said area."

There was a further omnibus reservation that the approval and authorization thus given to petitioner should not "restrict this commission" in taking suitable and proper action "on any water supply application" which might thereafter affect "this area".

It appeared clearly at the hearing on the petitioner's application leading to the commission's order of March 3, 1959, not only that the Town of Huntington objected to petitioner's application to extend its service into the town's territory; but that the town's water corporation, the Dix Hills District, would shortly seek extension of its service into a portion of the area which petitioner sought to serve after certain preliminary steps had been taken. The additional steps included an approval of the extension of the boundary of the Dix Hills District.

On October 6, 1959 the commission approved an application of the Town of Huntington to authorize extension of the Dix Hills District supply facilities into a relatively small portion of the territory for which previous authorization had been given to petitioner by the order of March 3. The new order allowed the Dix Hills District to serve about 280 acres of the 1,308-acre territory to which petitioner's authorization in March had extended.

Concerning the authorization to the town's water district corporation to serve 280 acres of its territory, the petitioner charges that it is "not justified by public necessity" (Conservation Law, § 523); that it is "unjust and inequitable"; that it is "arbitrary and capricious"; and that it is "inconsistent" with the commission's prior determination.

No actual physical improvements were made by petitioner, however, within the disputed area before announcement of the October decision; no main or supply lines were laid down; no

land or other facilities were acquired by petitioner within that territory; and, indeed, no plan for the service of this territory had been filed with the commission by petitioner.

What petitioner had done was to buy a well site and construct a storage tank on it and extend its transmission lines to this site. It had commenced surveys for the installation of a well. Expenditures for these purposes were about $150,000.

All this work was outside of the area here in dispute; and it seems clear, or at least the commission could find on the record before it, that the expenditures might fairly be attributed to the service of the rest of the territory assigned to petitioner and would not be lost by virtue of the later approval of the plan of the town's water district.

What has been lost by the petitioner is the prospect of serving this disputed territory of 280 acres in the Town of Huntington. Its right under the prior authorization to service the 1,028 acres outside the area in dispute has not been impaired by the October decision.

Thus we have before us a proceeding in which petitioner had precise and early notice of an intention by the town to service an area within the town which petitioner sought to serve; and a clear objection by the town to petitioner's application. Added to this is a perfectly explicit reservation by the commission in its approval of petitioner's application to the effect that the commission might exercise adversely to petitioner a " right to alter the boundaries of the area " and to grant " other " authorizations in the same territory.

All these words of reservation were not official pronouncements in a vacuum. They referred to the activities of the Town of Huntington noted in the same proceedings in which petitioner obtained its authorization; and such activity was followed closely in point of time by action in the town seeking legal status to extend the territory of the Dix Hills District, which necessarily had to be known to petitioner. We agree, furthermore, with the view of the commission that the expenditures for the well site and for the storage tank could be deemed used for purposes and needs of petitioner outside the disputed territory.

To say all this is to say that petitioner has not fairly demonstrated that the decision here reviewed is unjust, inequitable, arbitrary, or capricious. It is quite as much " justified by public necessity ", as those words are used to frame the commission's authority in section 523 of the Conservation Law as the granting of petitioner's original authorization. No public advantage arising from petitioner's service over the Dix Hills service to the disputed territory is suggested.

The problem of allocation of authority to serve a given territory is one involving an advised and specialized administrative judgment which must take into consideration a balancing of the needs of existing areas served, the contiguous or remote relationship of facilities to service; the geographic symmetry and arrangement of the territory in the light of present and future needs; the probable growth of territory; the nature and interests of the public and governmental agencies concerned; the available water; and a number of other related questions.

The broad responsibility to make determinations affecting the access to water resources of the State rests by law in the commission (Conservation Law, art. 5 [Water Resources Law]). It must " control and conserve " the water resources " for the benefit of all the inhabitants of the State " (*Matter of City of Syracuse* v. *Gibbs,* 283 N. Y. 275).

Determinations within the area of the commission's competency and authority are not easily undone; and they are certainly not to be annulled because an agency seeking to use the water resources of the State contends that it, rather than some other agency, should have obtained the commission's approval. (*Matter of Niagara Falls Power Co.* v. *Water Power & Control Comm.,* 267 N. Y. 265; *People* v. *System Props.,* 281 App. Div. 433.)

A case for judicial interference with the arrangements made by the commission for water service in the Town of Huntington is not demonstrated in this record.

The determination should be confirmed, without costs.

Coon, Gibson, Herlihy and Reynolds, JJ., concur.

Determination confirmed, without costs.