Ellis J. Staley, Jr., J.
This is an application under article 78 of the Civil Practice Act for an order in the nature of a mandamus directing the respondents to accept and file a notice of appearance and objections to an application made by the Port Washington Water District to the Water Resources Commission for the approval by the commission of the Port Washington Water District plans for the construction of wells and extension of lines within the corporate limits of the Village of North Hills, the petitioner herein.
The Port Washington Water District, which is at least two miles distant from the Village of North Hills, made an application to the Water Resources Commission for permission to construct two wells in the Village of North Hills on property held by the County of Nassau for park purposes, and to construct water mains from the wells in Searingtown Road, a street within the Village of North Hills and Port Washington Boulevard, to the territory of the Port Washington Water District.
The Water Resources Commission set December 1, 1961 as the date for hearing the application and notices of the hearing were published in the Port Washington Reporter, Port Washington News and News dag. In addition, notices of the hearing were mailed to adjoining water districts but not to the Village of North Hills. The village had no knowledge of the application until its Mayor received a letter dated May 31, 1962 from the counsel for the Port Washington Water District requesting permission from the village to lay mains in Searingtown Road which permission was refused. The officers of the village thereafter discovered that hearings on the application of the Port Washing-to Water District had been held on December 1,1961, February 9, 1962 and May 5, 1962 and a further adjourned hearing was set for June 28, 1962. After becoming aware of the pending application and on June 21,1962, a notice was served on behalf of the petitioner on the attorneys for the Port Washington Water District stating that an application would be made by the petitioner to the Water Resources Commission at the adjourned hearing to be held on June 28, 1962 for leave to file a notice of appearance and objections to the pending application of the Port Washington Water District. On the same day the petitioner filed a similar notice and objections with the Water Resources' Commission. Thereafter, on June 26,1962 the Water Resources Commission, through its associate engineer, Arthur H. Johnson, wrote to the attorneys for the petitioner herein advising them that “ the statute required persons desiring to be heard in favor of or in objection to the project under consideration to file a notice of appearance prior to the date set for the hearing.” *170 (Namely, Dee. 1, 1961.) At the hearing held on June 28, 1962, the respondent, Arthur H. Johnson, as representative of the Water Eesources Commission, refused to file the notice of appearance and petitioner’s objections and further refused to permit the petitioner to be heard on its objections to the application.
It is the position of the respondent, Arthur H. Johnson, that the failure of the petitioner to file objections on or before December 1,1961 prevented him under the statute from receiving’ and filing any objections submitted subsequent to December 1, 1961.
The respondents have raised objections in point of law upon the ground that the court does not have jurisdiction of the subject of this proceeding and for such other and further relief as to this court may seem just and proper.
Chapter 7 of the Laws of 1960 enacted new article 5 of the Conservation Law, known as the Water Eesources Law. The application of the Port Washington Water District involved herein was properly instituted pursuant to the provisions of said article of the Conservation Law and section 431 of that article relative to hearing procedure before the Water Eesources Commission provides as follows:
“ (1) Whenever a public hearing is to be held pursuant to the provisions of this article, the notice of such hearing shall be published in such newspaper or newspapers as the Commission shall deem appropriate, once in each week for not more than four weeks. At least one publication shall be in a newspaper of general circulation in the area affected. Notice thereof shall specify that on a date herein named, the Commission will cause such hearing to be held at such place and time as it may specify therein, for the purpose of receiving evidence and arguments from all persons or public corporations who appear pursuant to the provisions of this section. The notice shall also specify the subject matter of the hearing in such detail as the Commission shall deem necessary.
“ (2) (a) All hearings shall be public, but only such persons or public corporations may be heard as might be affected by the project under consideration by the Commission. No such persons or public corporations other than the applicant may be heard in favor or in opposition unless they have filed a notice of appearance with the Commission prior to the date set for the hearings. In addition except when otherwise expressly provided, any such persons or public corporations who desire to be heard in opposition to the project under consideration by the *171 Commission shall also recite in the notice of appearance their interests and specific grounds of objection.
“ (b) The hearings herein provided for may be conducted by the Commission, or the Commission may delegate to any member, or to the executive engineer or secretary or other employee of the Commission, or to an employee of the departments whose heads compose the Commission, the power and authority to conduct such hearings as a hearing officer in the name of the Commission at any time and place.”
From the facts presented on this application it would appear that the hearing involved was properly noticed and properly conducted by the respondent, Arthur H. Johnson. The issue involved is whether or not respondent, Arthur H. Johnson, is subject to the duty of receiving and filing petitioner’s notice of appearance and objections after the initial date set for the hearing involved herein, particularly in view of the language of the statute which provides that no person may be heard on such a hearing unless he has filed a notice of appearance with the commission prior to the date set for the hearing.
In the case of Matter of Hill v. Water Power & Control Comm. (5 Misc 2d 1026) the court had before it the interpretation of section 523 of the Conservation Law which section was repealed and replaced by present section 431 of said law. Section 523 prohibited any appearance at a hearing before the Water Power and Control Authority unless objections had been filed prior to the date specified for the hearing. The court, in its opinion sustaining the action of the commission stated as follows at page 1029: ‘ ‘ On the day of the scheduled hearing the petitioners requested its adjournment which, although the minutes of the hearing do not so state, was denied. It is claimed that such action by the commission was arbitrary. It appears that on the day before the hearing counsel for the petitioners mailed to the secretary of the commission a letter in which he stated the grounds of their objections to the execution of the plans for the project. Even if the objections had been filed as required by the statute, the stated grounds could properly be regarded by the commission as matters outside its province.”
In the case of Matter of Suffolk County Water Auth. v. Water Power Control Comm. (12 AD 2d 198) it may be inferred from the court’s opinion that the section of the Conservation Law requiring filing of objections prior to the initial date of the hearing before it must be complied with, the court stating in reference to proceedings pursuant to section 523 of the Conservation Law as follows (pp. 199-200): “ Timely objection *172 was made before the commission by the Town of Huntington itself to the water authority’s proposed extension of service within the town (See, also, 1935 Atty. Gen. 335.)
It has been frequently held that pre-emptory mandamus is a drastic remedy and should not be granted in the exercise of the court’s discretion unless the right to it is clear. (People ex rel. Schwab v. Grant, 126 N. Y. 473; Matter of National Sur. Co. v. Wallace, 221 App. Div. 506; Matter of Corrigan v. Jansen, 12 Misc 2d 943; Matter of Klevens v. City of Yonkers, 15 Misc 2d 1040.)
In the case of the Matter of Corrigan v. Jansen (supra) the court denying an application for an order in the nature of a mandamus, stated as follows (p. 945): “ It is unquestioned that an order in the nature of a mandamus, such as is sought here, may be granted only to compel the performance of an official duty imposed by law and where petitioners have a clear, legal right to the relief sought (Matter of Pruzan v. Valentine, 282 N. Y. 498; Matter of Ellis v. Dixon, 281 App. Div. 987). It is equally established that as a general rule courts will not compel the performance of a power, the exercise of which lies in the discretion of the officer or body against whom the relief is sought.”
It is my opinion that the respondent, Arthur H. Johnson, in the light of the statutory language, had no duty to receive and file petitioner’s notice of appearance and objections and, had he done so, he in effect would be violating the statute. It follows that the petitioner does not have the clear right necessary to support the granting to it of the relief sought. Petition dismissed. No costs allowed.